## JOSEPH LABADIE v. T. J. HAWLEY.

(Case No. 1795.)

1. LIABILITY OF AGENT.— Though an agent is personally liable to third parties for his own misfeasances and positive wrongs, he is not in general liable to third persons for his own nonfeasances or omissions of duty in the course of his employment; his liability in the latter case is solely to his principal, no privity existing between himself and such third persons, and the maxim *respondeat superior* applies.

2. SAME.— Hence, when an agent who had rented his principal's house to another authorized the tenant to construct therein a cooking range, which, from the manner of its use, resulted in an injury to an adjoining proprietor, the fact that the agent refused to compensate the tenant for removing the range when it was complained about as resulting in a nuisance cannot render the agent liable.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

Hawley brought this suit against A. Watts and appellant Labadie for the recovery of damages alleged to have accrued in the injury to the premises occupied by him, and his merchandise therein, by reason of excessive heat and smoke caused by hot fires made and continuously kept up by Watts and appellant in a cooking range or oven alleged to have been erected by them upon premises in the city of Galveston, alleged to be in their occupancy and use as a restaurant, and adjoining the premises of which appellee was the lessee and occupant, and in which he carried on business as a dealer in tobacco, cigars, etc.

Watts admitted the occupancy of the premises as a restaurant and the erection of the cooking range or oven, denied the injury, and pleaded contributory negligence on the part of plaintiff.

Labadie's amended original answer adopted as his own the answer of his co-defendant Watts, excepting Watts' admissions.

Verdict against plaintiff for Watts and for plaintiff against Labadie for $200. Judgment for plaintiff against Labadie, in accordance with the verdict, and that plaintiff take nothing by his suit as against Watts. Labadie filed a motion for a new trial, which was overruled.

Labadie testified in substance: "The premises occupied by Watts belong to Mrs. Borstow. I never occupied the premises and never owned any interest in them, and never had any interest in Watts' business. I have been Mrs. Borstow's agent to collect her rents. I collect her rents and send her the money. I did not build the range, nor use it nor keep it heated. I had no interest in Watts' business. I leased the premises to Watts for a restaurant. I authorized him to build the range, and saw it in course of construction and while in use. I assess the property for taxes and pay them as agent for Mrs. Borstow. I leased to Watts without consulting Mrs. Borstow. He holds from month to month."

*Trezevant & Franklin*, for appellant, cited: 1 Addison on Torts, 247; Wood's Land. and Tenant, p. 918, sec. 539; Ewings *v.* Jones, 9 Md., 108; Dicey on Parties, 424, 463, rule 103; Ewell's Evans on Agency, 329; Story on Agency, 309; Bell *v.* Josselyn, 3 Gray, 309.

STAYTON, ASSOCIATE JUSTICE.— The only matter necessary to be considered is the action of the court below in overruling the appellant's motion for a new trial.

It appears that the appellant was not the owner of the property on which the alleged nuisance existed; that he had no interest in the cooking range or business in which it was operated; and that he was only the agent of the owner of the real estate on which the cooking range was erected and operated by his co-defendant.

It appears that he rented the property to his co-defendant and authorized him to erect the range, and saw it while in course of construction and since, and that he has declined to compensate his co-defendant for removing it to some other part of the house.

Neither the renting of the house nor the construction of the range has operated the injury of which the appellee complains.

Whatever injury the appellee has received has resulted from the operation of the range by Watts; and if the appellant is responsible for his act, it must be on the sole ground that he has not done something which he, as agent, might have done, and not on the ground that by any act of his has injury resulted to the appellee.

The rule in this respect is thus tersely stated by an elementary writer: "The rule is, that an agent is personally liable to third persons for doing something which he ought not to have done, but not for not doing something which he ought to have done. In the latter case the agent is liable only to his employer." Ewell's Evans on Agency, 329, 334. The same rule is announced in other works on Agency (Story on Agency, 309); also in works on Negligence (Shearman & Redfield, 111).

It is recognized in the following cases: Bell v. Josselyn, 3 Gray, 311; Brown v. Lent, 20 Vt., 533; Brown, etc., v. Dean, 123 Mass., 269; Fish v. Dodge, 4 Denio, 317; Denny v. Manhattan Company, 2 Denio, 115; S. C., 5 Denio, 639; Reid v. Humber, 49 Ga., 207; Henshaw v. Noble, 7 Ohio St., 232.

In the last case the rule is thus stated: "The principal is always liable to third persons for the misfeasances, negligences and omissions of duty of his agent, in all cases within the scope of his agency. The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not, in general, liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal, there being no privity between them and such third persons; the privity exists only between him and his principal. And hence the general maxim as to all such negligences and omissions of duty is, in cases of private agency, *respondeat superior*."

The facts that the appellant, as agent, rented the house to Watts to be used as a restaurant, and that he authorized him to erect the cooking range on the premises, and knew where it was erected, and that he has refused to compensate Watts for removing it, cannot make him liable. The range was erected and operated by Watts in his own way, and from this results whatever injury the appellee has received.

The appellant is not the landlord of Watts, nor does the relation of principal and agent or of master and servant exist between them, and there can be no liability in the absence of some affirmative act by the appellant from which the injury results.

No question as to the liability of the principal of the appellant for

his failure to prevent such use of the cooking range as was injurious to the appellee is before us; nor is the question of the primary or secondary liability of Watts to the appellee before us on this appeal.

For the error of the court in overruling the motion for a new trial, the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 19, 1884.]