## C. W. KENNEY v. C. R. LANE.

### No. 1549.

1. **Damages—Personal Liability of Agent to Third Persons.**—Where an agent in charge of certain work has actually entered upon its performance for his employer, and by reason of his negligence in refusing to adopt proper precautions for the protection of those under him, they are injured, he is personally liable therefor.

2. **Contributory Negligence.**—Where plaintiff's petition discloses, that at the time of the injury to himself he was working in close proximity to the defect which caused it, and leaves the inference that the defect was open to common observation, his evidence must go further, and relieve him from the presumption that he had assumed the risks therefrom.

APPEAL from Tarrant. Tried below before Hon. P. S. GREENE.

*R. J. Boykin* and *W. Erskine Williams*, for appellant.—If appellee Lane, by the want of such care as an ordinarily prudent person would have exercised under similar circumstances, caused the injury to appellant, he would be liable, notwithstanding he may have been only the agent of the bridge company, and may not have been present when the injury occurred. Douglass v. Railway, 63 Texas, 564; Cunningham v. Railway, 51 Texas, 503, 509; 2 Thomp. on Neg., 892, 1057; 16 Am. and Eng. Encyc. of Law, 440, 442; 7 Id., 828; 4 Id., 40, 58, 63.

*W. B. Ford,* for appellee.

HEAD, ASSOCIATE JUSTICE.—The Lane Bridge Company had a contract to repair a bridge for the city of Fort Worth, and appellee was its agent, having full charge of the work. Appellant was an employe engaged upon the work under appellee.

The bridge where the work was being done had crossbeams about two feet apart, but no floor, and the iron pillars were being rolled upon wooden rollers along two pieces of timber laid across these beams, when one of the rollers slipped out and fell upon appellant, who was working immediately beneath, and inflicted upon him serious personal injuries, for which he sues appellee. It was dangerous to undertake to do the work without a floor upon the bridge, and on the day before the accident appellee's attention was called to this by one of the hands, but he refused to allow the defect to be remedied, and required the work to proceed as before.

The court below concluded, that the above facts did not render appellee liable for the injuries to appellant.

It is very generally held, that an agent is not liable to third persons for his mere nonfeasance or omissions of duty in the course of his employment, but is liable for his misfeasances, or acts of commission. Labadie v. Hawley, 61 Texas, 177; Mechem on Agency, secs. 569, 571; Wood's Mast. and Serv., secs. 324, 325a.

It is, however, frequently quite difficult to determine whether the facts of a given case place it in the one or the other of these classes. Upon this subject Mr. Mechem, in his work on Agency, section 572, says:

"Some confusion has crept into certain cases from a failure to observe clearly the distinction between nonfeasance and misfeasance. As has been seen, the agent is not liable to strangers for injuries sustained by them because he did not undertake the performance of some duty, which he owed to his principal and imposed upon him by his relation, which is nonfeasance. Misfeasance may involve, also, to some extent the idea of not doing, as where the agent while engaged in the performance of his undertaking does not do something which it was his duty to do under the circumstances—does not take that precaution, does not exercise that care—which a due regard for the rights of others requires. All this is not doing, but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes actionable negligence in any relation.

"Upon this distinction, the language of Chief Justice Gray may be noticed to advantage: 'It is often said in the books, that an agent is responsible to third persons for misfeasance only, and not for nonfeasance. And it is doubtless true, that if an agent never does anything towards carrying out his contract with his principal, but wholly omits or neglects to do so, the principal is the only person who can maintain any action against him for the nonfeasance. But if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he can not by abandoning its execution midway, and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance or doing nothing; but it is misfeasance, doing improperly.' "

The language of Chief Justice Gray quoted by the author is taken from the opinion in Osborne v. Morgan, 130 Massachusetts, 102.

In the case at bar, it will be noted that appellee actually entered upon the performance of the work for his employer, and it was by reason of his negligence in refusing to adopt proper precautions for the protection of those under him that the injuries were received. As to the appellant, he was the vice-principal in actual charge of the work, and we think his failure and refusal to guard against this accident after the danger was called to his attention must be classed as an act of misfeasance, for which he should be held responsible. The court below, therefore, erred in holding otherwise.

We have, however, had some hesitation about reversing this case, on account of the failure of the record to show a want of notice on

the part of appellant of the manner in which this work was being done prior to the time he received his injuries. If he had such notice, it would seem clear, under the other evidence, that he could not recover. Railway v. Bradford, 66 Texas, 732.

In Railway v. Barrager, 14 Southwestern Reporter, 242, our Supreme Court said: "The burden was upon him (the servant) to show that the company had been negligent in not supplying safe cars, and that he did not know of the alleged defects." Also see Railway v. Crowder, 76 Texas, 501, and same case, 63 Texas, 503, for similar language.

Without approving this statement as to the burden of proof in its application to all cases, we incline to the opinion that, in view of the fact that in making out his case appellant disclosed that at the time of the injury he was working in close proximity to the alleged defect, and leaves the inference that it was patent and open to common observation, he should have gone further in his evidence and relieved himself from the presumption that he had assumed the risks therefrom; and had this been given as one of the grounds of its decision by the lower court, we would have affirmed the judgment.

The point is not, however, made in the presentation of the case to us, and it may be that the statement of facts was only prepared with the view of presenting the points decided by the trial judge; and we have therefore concluded to order a reversal.

*Reversed and remanded.*

Delivered December 12, 1894.