## JONES et al. v. MONTAGUE.

(Court of Civil Appeal of Texas. Austin. May 21, 1913. Rehearing Denied June 25, 1913.)

1. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS—BURDEN OF PROOF.

In an action for damages for fraud and deceit, where the uncontradicted evidence showed that the false representations were made in the county in which suit was brought, and the

charge required the jury, in order to find for plaintiff, to find that they were made in that county, an instruction that the burden was on defendants to establish their plea of privilege was not erroneous whether or not it stated the proper rule.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

2. FRAUD (§ 32*) — REMEDIES — ACTION FOR BREACH OF WARRANTY.

Where a vendor of land, subject to certain vendor's lien notes which the purchaser agreed to assume, falsely represented that the interest on such notes was paid to a certain date, the purchaser could sue for damages for the fraud and deceit and was not limited to an action for breach of warranty.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 28; Dec. Dig. § 32.*]

3. PRINCIPAL AND AGENT (§ 136*)—LIABILITY OF AGENT FOR FRAUD.

The agents of a vendor, who in negotiating a sale of land, subject to vendor's lien notes, falsely represented that the interest was paid on the notes to a certain date, were personally liable for damages, since while an agent is not responsible for injuries resulting from his mere omission to perform a duty, he is liable for injuries resulting from misfeasance or malfeasance, and hence an instruction that, as the evidence showed that they were acting as agents within the scope of their employment and not in their personal behalf, the jury should find for them was properly refused as it did not recognize the distinction between a mere omission and misfeasance or malfeasance.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by J. Montague against Ernest Jones and others. Judgment for plaintiff, and defendants appeal. Affirmed.

R. B. Truly, of Ballinger, for appellants. Wright, Wynn & Bartholomew and W. C. Blalock, all of San Angelo, for appellee.

RICE, J. On the 22d day of April, 1912, appellee purchased from Mrs. A. P. Jones, one of the appellants, a tract of land in Tom Green county and as part consideration therefor agreed to assume the payment of four certain vendor's lien notes outstanding thereon; said deed reciting, however, that he only assumed to pay the interest on said notes from the 1st of October, 1911. Appellee brought this suit for the sum of $123.60, back interest paid by him on said notes, against said Mrs. Jones, Ernest Jones, and C. T. Hanz in the justice's court of Tom Green county, alleging that the two last-named parties were the agents of Mrs. Jones, and that they and each of them falsely represented to him before said purchase that all the interest on each of said notes had been paid up to the 1st of October, 1911; that said representations were material, were believed to be true by him, and by reason of which he was induced to purchase the land; that the same were false and untrue; and that he was compelled to pay off said amount as

back interest on said notes in order to prevent a foreclosure of the vendor's lien upon said land, charging that said false representations were made in Tom Green county, where the sale was consummated.

All of the appellants resided in Runnels county and filed their plea of privilege to be sued therein, and likewise pleaded general demurrer, special exceptions, general denial; and the said Ernest Jones and Hanz further pleaded that they were only the agents of the said Mrs. Jones in the making of said sale, and asserted that by reason thereof they were not liable in this action to appellee. Appellee recovered in the justice's court, from which an appeal was taken to the county court, where, on trial before a jury, appellee again recovered, from which judgment this appeal is prosecuted.

[1] It is contended on the part of the appellants that the court erred in its charge to the jury, wherein it told them that the burden of proof to establish their plea of privilege was upon appellants. The burden of proof on a plea of abatement is generally held to be upon the defendant. See Hopson v. Caswell, 13 Civ. App. 495, 36 S. W. 313; Robertson v. Ephraim, 18 Tex. 118. Appellant, however, relies upon the case of Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25, in which the contrary doctrine is announced with reference to cases similar to the present. In the present case, however, irrespective of what may be the proper rule upon this subject, we think the court did not err in this respect for the reason that the uncontradicted evidence showed that the false representations were made to appellee in Tom Green county. Hence the court would have been justified in instructing the jury to so find. The charge, however, did require the jury, in order to find for plaintiff, to believe that such representations were made in the county where the suit was brought. This assignment is therefore overruled.

The allegations of the petition are amply sufficient, for which reason we overrule the exceptions thereto.

[2] We do not think there is any merit in the contention of appellants that the cause of action, if any, on the part of plaintiff was on breach of warranty, and therefore the action was improperly brought. Appellee had two remedies, either to sue upon the warranty or rely upon the fraud. He elected the latter, as he had the right to do. We therefore overrule the assignment complaining of this matter. See Howe Grain & Mercantile Co. v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828; Wintz v. Morrison, 17 Tex. 384, 67 Am. Dec. 658.

[3] The court did not err in refusing appellant's special charge No. 4 to the effect that since the evidence showed that Ernest Jones and Hanz were acting as the agents of Mrs. Jones, within the scope of their em-

ployment and not in their personal behalf, the jury would therefore return a verdict for them. This charge was properly refused, because: First, it was a peremptory charge in their behalf; second, it is not the law, because, while the agent is not responsible for injuries resulting from his mere omission to perform a duty, still he is liable for injuries resulting from misfeasance or malfeasance, and the charge did not recognize this distinction. It is said in 31 Cyc. pp. 1560–1562, et seq., that: "While an agent is not liable to third persons for injury resulting from his omission to perform a duty owed to the principal alone, he is liable to them for injury resulting from his misfeasance or malfeasance, meaning by those terms the breach of a duty owed to third persons generally, independent of the particular duties imposed by his agency. Accordingly an agent may be held liable in damages to third persons for conversion, fraud, and deceit, and even for negligence. In an action against an agent by a third person for misfeasance or malfeasance, it is no defense that he acted as agent by the authority or direction of another, for no one can lawfully authorize the commission of a tort; nor is it a defense that the agent received no benefit from his wrong, or that he has paid over the proceeds of his wrong to his principal, or is liable to the latter therefor." See, also, Poole v. H. & T. C. Ry. Co., 58 Tex. 134; Labadie v. Hawley, 61 Tex. 179, 48 Am. Rep. 278; Kenney v. Lane, 9 Tex. Civ. App. 150, 36 S. W. 1063. In the present case the recovery is not sought for mere nonfeasance, but for fraud and deceit. We think the evidence is sufficient to sustain the verdict, and the charge of the court clearly and distinctly presented the issues of law arising thereon.

The remaining assignments are, in our judgment, without merit for which reason they will not be discussed in detail.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.