## DUDLEY v. COMMUNITY PUBLIC SERVICE CO. et al.
### No. 9254.

Circuit Court of Appeals,. Fifth Circuit.
Dec. 6, 1939.

Rehearing Denied Jan. 15, 1940.

Russel H. Markwell, of Galveston, Tex., for appellant.

Brantly Harris and M. L. Cook, both of Galveston, Tex., for appellees.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

The plaintiff-appellants, widow and dependent child of J. T. Dudley, sued Community Public Service Company and P. J. Short, its line construction superintendent and foreman, for the homicide of Dudley through gross negligence, claiming $50,000 exemplary damages under Art. 16, Sec. 26, of the Constitution of Texas. Vernon's Ann.St. The Company removed the suit to the federal court on allegations that plaintiffs and Short are citizens of Texas but itself is a corporation of Delaware, and that as plaintiffs well knew it was insured under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St.Tex. art. 8306 et seq., by the provisions of which there is

no right of action against a co-employe for injury or death; so there could be no right of action against Short, and he was joined fraudulently to prevent removal; and moreover the petition showed on its face that the negligence alleged against Short was mere non-feasance which would not render him liable to suit, but his master alone would be liable therefor. The plaintiffs moved to remand, denying fraudulent joinder and asserting a bona fide demand against Short, but not denying that the Company was under the Compensation Law. Evidence was offered tending to show that Short was foreman over Dudley, present and directing the work in hand when Dudley was electrocuted by some of the equipment coming into contact with a power wire of the Company beneath which they were working. Remand was denied. Plaintiffs refused to proceed, denying the jurisdiction of the court, and the court dismissed the action expressly pursuant to Rule of Civil Procedure 41 (b) 28 U.S.C.A. following section 723c. The appeal specifies as error the dismissal and the refusal to remand.

The dismissal for failure to prosecute was of course not error if the court had jurisdiction of the case. There was nothing else for the court to do. It is, however, a final judgment disposing of the action and is appealable, and serves to bring under review the refusal to remand which is the real matter of complaint. Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970, affirming 5 Cir., 67 F.2d 684.

On its face the action was not removable. It was a joint suit against a master and an agent or servant in charge of the work for negligence alleged to be gross in the conduct of the work, causing the electrocution of Dudley. According to the petition Short was not only the vice-principal of the master, charged with the safety of the equipment and tools, with the instruction of workmen, with the hiring and discharge of the workmen, and supervision of the construction work in hand, but was also at work as foreman over Dudley. Short, Dudley, and four others, under Short's direction and control, were replacing a pole under a power wire, using a truck equipped with a crane to raise the pole. Short did not de-energize the power wire, or provide any safeguard against the pole touching it, or warn Dudley or instruct him about the danger. The pole touched the wire and the current killed Dudley, who was working about the truck. The formal charges of negligence include the failures to have proper equipment, to de-energize the power line, to warn Dudley, to ground the truck, to have rope guards to prevent the pole touching the wire, and negligence "in requiring the deceased to work in and around a power line energized with 11000 volts at a time when the ground was damp and other conditions were such as to render the work extremely hazardous, without taking any precaution for the safety of the deceased." We think it fairly appears that Short was active in the whole transaction, that he chose the time and place and manner of the work and directed Dudley what to do, himself assisting. This is not mere non-feasance, which is doing nothing; but it is misfeasance, the doing of things in a wrong and negligent manner, without the care and precaution that would have made safe what he ordered and did. Short might be held personally liable. Kenney v. Lane, 9 Tex.Civ.App. 150, 36 S.W. 1063; Ellis v. McNaughton, 76 Mich. 237, 42 N.W. 1113, 15 Am.St.Rep. 308; Lough v. Davis & Co., 30 Wash. 204, 70 P. 491, 59 L.R.A. 802, 94 Am.St.Rep. 848; Osborne v. Morgan, 130 Mass. 102, 39 Am.Rep. 437.

But we must take as true the fact, not stated in the petition but squarely asserted in the removal proceedings and not denied in the motion to remand or in the evidence introduced, that this work was proceeding under the Texas Workmen's Compensation Law. Texas Rev.Stats. Art. 8306. Section 3 as amended provides: "The employés of a subscriber * * * shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death." The general purpose is plain to confine an injured employe, or the representatives of one who is killed in the employment, to the compensation provided by the Act. If this were the whole applicable law, Dudley's representatives could sue neither Short nor the common employer. But the Constitution of 1875, Art. 16, Sect. 26, provides: "Every person, corporation or company, that may commit a homicide, through wilful act, or omission, or gross

neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." In view of this constitutional provision the Compensation Law in Sect. 5 declared: "Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages" in the cases set forth in the Constitution "from the employer of such employé at the time of the injury causing the death of the latter." In recent cases where exemplary damages were sought against the employer the Supreme Court of Texas has sustained the suits, holding that compensatory damages were substituted by the statutory compensation, but the exemplary damages which before the Compensation Law might have been recovered in addition were still recoverable when the conditions formerly requisite were met. In Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397, 408, it was said of the Compensation Law: "The Legislature realized it could not abolish the constitutional right to recover exemplary damages for a homicide due to 'gross neglect,' and was particular to exempt that class of damages from the purview of the act. R.S. art. 8306, § 5. Its purpose was to leave the law as to exemplary damages the same as it was before the passage of the compensation act. Trinity County Lumber Co. v. Ocean A. & G. Co. (Tex.Com.App.) 228 S.W. 114." Enlarging on the idea that the old law of exemplary damages was unchanged the court said: "The rule in Texas is that exemplary damages cannot be recovered unless the plaintiff is shown to have sustained actual loss or injury. There can be no recovery of exemplary damages in the absence of a recovery of actual damages. A verdict of nominal actual damages is not sufficient. * * * In this case actual damages are not recoverable because the plaintiff in error carried workmen's compensation insurance. However, we do not believe that the compensation act changes the rule. We are of the opinion that in order to recover exemplary damages the plaintiff must show himself *entitled* to recover actual damages, and which he would recover but for the compensation act." In the companion case, Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.2d 409, 410, the court said: "We agree * * * that the district court had original jurisdiction, without the presentation of the claim for exemplary damages to the Industrial Accident Board. The cause of action here asserted is one given by the Constitution, and the Legislature was without power to add to or take from the conditions under which, by virtue of the Constitution, it could be maintained, nor did it attempt to do so." In the cited cases it was the employer who was sued for exemplary damages. No case is found in the Texas courts where, as in the present case, a fellow employe was sued.

We are of opinion that the Legislature was without power, and did not attempt, to change the right under the Constitution to recover exemplary damages from a fellow employe, just as was held to be true of such a suit against the employer. As at first enacted the Compensation Law, Laws 1917, p. 269, Sect. 3, withdrew the right of action only against *employers* covered by it for injury or death of an employe, and in Sect. 5 expressly preserved the constitutional right to exemplary damages for death *against the employer*. In 1923 the Legislature amended Sec. 3 so as to withdraw also the right of action for injury or death against a fellow employe. It made no corresponding change in Sec. 5 to preserve the constitutional right to exemplary damages against the fellow employe. Whether this was due to oversight or intention may be debatable. An intent to override a constitutional right by indirection, towit, by abolishing the right to actual damages so as to destroy also the constitutional right to exemplary damages, ought not to be imputed to the Legislature. If Sect. 5 had never been included the construction of the Act under the Constitution should have been that which has been made in the case of the employer: that the constitutional right to recover exemplary damages stands as before, and that actual damages must be proved as before, though they are not recoverable because substituted by the compensation fixed by the Act. The statutory compensation substitutes the actual damages formerly recoverable from the fellow employe at fault exactly as it does those formerly recoverable from the employer. The result ought to be the same in both classes of suits for the constitutional exemplary damages. If it were held otherwise, the policy of the Constitution to punish homicides by exemplary damages would be defeated in the cases where the real culprit was a fellow employe, or where his malice or gross neglect cannot be imputed

to the master as respects exemplary damages because he was not a vice principal.

We therefore hold that on the allegations of the petition there appears to be a probable case in law against Short, as well as against the Community Public Service Company, notwithstanding the application to them of the Compensation Act. By consequence it does not appear that Short was fraudulently joined. See Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544. That the defeat of removal might have been a motive in joining Short is not important, if in good faith he is sought to be held liable. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, and cases cited. Though for lack of an exact precedent there may be doubt whether Short is legally liable, that would not render his joinder fraudulent. Morris v. E. I. Dupont Co., 8 Cir., 68 F.2d 788; Wells v. Missouri Pac. R. Co., 8 Cir., 87 F.2d 579. The case ought to have been remanded for trial in the State courts.

The judgment of dismissal is reversed, with direction to remand the cause.