**KIRBY LUMBER CORPORATION et al.,**
**Appellants,**

**v.**

**D. V. WALTERS et ux., Appellees.**

No. 5019.

Court of Civil Appeals of Texas.

Beaumont.

April 7, 1955.

Keith, Mehaffey & McNicholas, Beaumont, Blades, Kennerly & Whitworth, Houston, Fountain, Cox & Gaines, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellants.

Hightower & Wheat, Cain & Cain, Liberty, for appellees.

ANDERSON, Justice.

The appeal is from an order of the district court of Liberty County overruling pleas of privilege. Three defendants perfected appeals from the order, but only two of them, Kirby Lumber Corporation (hereafter to be referred to as Kirby) and Dan Hare, have filed briefs.

The plaintiffs, D. V. Walters and his wife, sue for damages because of personal injuries they sustained and because of damage done their automobile when, on November 29, 1953, their automobile and one driven by Earl C. Fregia, who is not a party to the suit, collided on a public highway in Liberty County. The defendants are sued upon the theory, generally speaking, that they were responsible for the presence on the surfaced portion of the highway of an unusual quantity of very slick mud that caused Fregia to lose control of his automobile, and had taken no steps either to warn motorists of the danger presented by the mud or to safeguard them against it. The plaintiffs seek to maintain venue in Liberty County under subdivisions 9 and 9a of Article 1995, Vernon's Texas Civil Statutes.

The mud on the highway had been dislodged from trucks which were engaged in one way or another in logging operations then being conducted by Kirby on its land adjacent to the east side of the highway at the scene of the collision. It had been dislodged by the natural motion and vibration of the trucks in proceeding to their destinations, and was principally concentrated on the east side of the highway.

The mud was accumulated by the trucks as they passed along a dirt road Kirby had opened between its log-loading machine and the highway. This road lay across a gumbo-type soil that became boggy and very slick when wet, and a considerable amount of rain had fallen on it during the early

part of the week preceding the Sunday on which the collision occurred. During the remainder of the week it was necessary for the trucks to be pulled and pushed from the highway to the loader and back. This was done by means of a caterpillar tractor that Kirby supplied and operated.

Trucks emerging from the woods had to be pushed until they were completely upon the surfaced portion of the highway, and each brought with it large quantities of the clinging mud. Then, for a distance of a quarter of a mile or more from the point of entry into the highway, the mud was flung and jostled from the trucks in large quantities, and frequently in big hunks or rolls.

Some of the mud, but not nearly all of it, was removed by two of Kirby's employees who were assigned to the task. It was impossible, according to the testimony, for just the two of them, equipped only with shovels, to keep the highway cleared. The mud that was not cleaned off, or at least a goodly portion of it, was spread and packed into a more or less solid layer by the subsequent passage of vehicles. It is possible that it may have dried after being deposited; but if so, it had been rewet and again made slick by rain that fell on it just shortly before the collision occurred.

By far the greater part of the mud was no doubt deposited by log trucks that were owned and operated by haulers who were, we shall assume for the purposes of this opinion, independent contractors. But Kirby owned and operated one truck that twice daily passed along the same route as the log trucks in transporting Kirby employees to and from their places of work. And Kirby employees conducted all phases of the logging except the actual haulage of the logs.

The defendant Dan Hare, a Kirby employee, was in charge of the work and supervising it for Kirby. He was fully aware of the condition of the highway, and even discussed it with one of his superior officers. And he appears to have been also aware of the hazard the mud presented, but neither he nor any of the other defendants took adequate steps to keep the highway cleared, and none of them took any steps to warn motorists of the presence of the mud or of the danger attending it.

The dirt road intersected the highway near the crest of a hill, on the hill's north slope, at a point where the highway curved. Fregia approached from the south, and the hill and curve obscured the mud from his view until he was almost upon it. He appears to have been driving at a reasonable speed and on his proper side of the highway. But his automobile spun out of control when it struck the mud, crossed to its wrong side of the highway, and struck plaintiffs' automobile after the latter had been driven off the pavement and brought to a virtual stop.

The log haulers were sued along with Kirby and Dan Hare.

The appellants Kirby and Hare each presents but one point on appeal. The points are identical except for such differences in phraseology as were necessary to adapt them to the respective parties. Kirby's point follows:

"Plaintiffs failed to establish by the preponderance of the evidence that the act or omission of negligence and nuisance alleged as the basis of their cause of action was that of the defendant, Kirby Lumber Corporation, or of its servant, agent or representative acting within the scope of his employment and that such alleged negligence was a proximate cause of plaintiffs' injuries and damages."

The statements and arguments advanced under the points appear to have as their primary object that of creating the conviction that as a matter of law the log haulers were not employees, agents, or representatives, of either Kirby or Hare, but independent contractors, and that therefore neither Kirby nor Hare is liable for the haulers' acts and omissions.

If we correctly understand the appellees' position, they have elected to proceed upon the theory that the log haulers were inde-

pendent contractors; and since we have concluded, as already stated, to treat them as such, there is no occasion for a discussion of the evidence pertaining to the matter.

The defendants Kirby and Hare are sued, as we understand it, not upon the theory that they are liable under the doctrine of respondeat superior for the acts and omissions of the log haulers, but upon the theory that their own acts and omissions make them liable. They and the log haulers are sued as joint actors and as joint tort-feasors. They are all charged jointly and severally with having created and maintained a public nuisance, and with having been guilty of various acts of negligence that proximately caused the collision. The further theory is advanced on appeal that the muddying of the highway by the log trucks was something inherent in the performance of the work Kirby had contracted to have performed, and for the consequences of which Kirby was therefore liable.

■ We think it sufficient for present purposes to discuss only the question of whether, by a preponderance of the evidence, a prima facie case was made out against appellants Kirby and Hare on the theory that they were guilty of negligence that proximately caused, or contributed to cause, the collision. And we conclude there was.

■ The defendants were entitled to make reasonable and lawful use of the highway in their hauling and travel, but were under the duty while using it of not wilfully or negligently injuring others who, in the exercise of their lawful right, might also be using it, and of not wilfully or negligently creating thereon any condition that was fraught with danger to other lawful users, without taking appropriate precautions to warn and safeguard them against it. The undisputed evidence is sufficient in this instance to support a finding that the defendants, including Kirby and Hare, breached the duty owing by them in the respect last mentioned, and in so doing were guilty of negligence.

■ From the fact that it daily travelled the highway after passing through the mud, it may be inferred that Kirby's own truck, which was being operated by Kirby employees in the course of their employment and in the furtherance of Kirby's business, deposited at least a part of the mud on the highway; and Kirby's caterpillar tractor, which was also being operated by Kirby employees in the course of their employment and in the furtherance of Kirby's business, pushed all of the mud-laden trucks onto the highway. These facts, taken in connection with the fact that both the truck and the tractor were under Hare's immediate direction and control, are of themselves sufficient to place both Kirby and Hare upon a parity with the log haulers as regards the matter of negligence and the matter of their liability to plaintiffs. It was not necessary that plaintiffs show the degree to which the acts of Kirby and Hare proximately contributed to cause the collision. The rule in this respect is thus stated for the Supreme Court by Justice Calvert in Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734: "Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit."

The basis of plaintiffs' action in the case at bar is not materially different from that on which the plaintiff predicated his suit in Skelly Oil Co. v. Johnston, Tex.Civ. App., 151 S.W.2d 863, 865, error refused. The plaintiff had in that instance lost control of his automobile and suffered injuries when the automobile struck a spot on the highway that had been made slick by water which had blown onto the highway from a

cooling tower that Skelly owned and operated on its land nearby. Judgment in favor of the plaintiff was affirmed. In the course of the opinion, it was said: "We think the testimony is amply sufficient to establish the facts, as found by the jury, that water from appellant's cooling towers had been blown upon the highway immediately prior to the accident; that the operation of the cooling towers by appellant in such proximity to the highway as to permit water therefrom to be blown upon the highway constituted negligence, and that such negligence was a proximate cause of the accident which resulted in appellee's injury and damage. It is true that the jury did not find, nor does the evidence show, that appellant operated its cooling towers in a careless manner, nor that they were out of repair or constructed in a manner different from what they should have been. But it is a general rule of law that the owner or occupant of premises abutting upon a highway, road or street must exercise reasonable care not to jeopardize or endanger the safety of persons lawfully using the highway, road or street as a means of passage or travel, and that he will be liable for any injury that proximately results from his wrongful acts in that respect. He is under the duty so to use and manage his premises as not to inflict injury upon those who, in the exercise of their lawful right, may be using the highway, road or street as a means of passage or travel." To the same effect is the case of Atchison v. Texas & P. R. Co., 143 Tex. 466, 186 S.W.2d 228, which involved a situation where one motorist lost his sense of direction and collided with another because of smoke that was blowing across the highway from a grass fire the railroad company had started on its right-of-way beside the highway.

It is our view that in the cases just cited liability was held to exist because the defendants had wrongfully breached a duty which all persons, not just special classes of persons, owe the public, that of not creating on public highways dangerous conditions without taking appropriate steps to warn and protect lawful users of the highway against them. In other words, this duty exists, and its wrongful breach may give rise to liability, despite, rather than because of, the fact that the dangerous condition may be the result of an otherwise lawful enterprise conducted by one on one's own premises.

■ There can be no doubt that the facts are sufficient to support a finding that the defendants' negligence, assuming it to have been found, was a proximate cause of the collision and of plaintiffs' injuries. The cases last above cited, Skelly Oil Co. v. Johnston and Atchison v. Texas & P. R. Co., rule the point. The exact prejudicial occurrence need not have been foreseen in order for the defendants to be held responsible for the consequences of their conduct; it is sufficient that at the time of their negligence they should reasonably have foreseen that some similar occurrence might likely result from it. 30–B Tex.Jur. 220, Sec. 42.

. Alexander v. Smith, Tex.Civ.App., 265 S.W.2d 258, and Goldston v. Wieghat, Tex. Civ.App., 243 S.W.2d 404, are other cases dealing with similar fact situations.

■ The defendant Dan Hare was, it is true, an employee of Kirby, but, having entered into the discharge of his duties of supervising the work for his principal, we think the matter of his liability is to be tested under the rule which was thus expressed for this court by the late Chief Justice Coe in Cornett v. Hardy, Tex.Civ. App., 241 S.W.2d 186, 190: "We agree with appellee that under these cases it is the law of this State, that, when a servant or agent once enters upon the performance of his duties for his master or principal he owes a duty to the general public to avoid negligence, whether active or passive. Passive negligence after the duties are begun is in law 'misfeasance'. It is only when there is a complete failure to enter upon the duties of the master or principal that there is a 'nonfeasance' for which the servant or agent is not liable to third persons. For a clear analysis of this principle see Kenney v. Lane, supra [9 Tex.Civ.App. 150, 36 S.W. 1063]."

On the basis of what has been said, we are of the opinion that venue was properly retained in Liberty County under subdivision 9a of the venue statute, Art. 1995. The judgment or order of the trial court, in so far as it overruled the pleas of privilege of appellants Kirby and Hare, is therefore affirmed.

No brief having been filed on behalf of appellant Henry Shane, his appeal is dismissed for want of prosecution. Rule 415, Texas Rules of Civil Procedure.