In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

**Lee Ann BANKARD, et al., Plaintiffs,**

v.

**WYETH–AYERST LABORATORIES COMPANY, et al., Defendants.**

No. 1: 95 CV 5085.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1995.

Dan Stroup of Erskine, McMahon & Stroup, L.L.P., Longview, TX, for Plaintiffs.

Burgain G. Hayes, Michael R. Klatt, and Leslie A. Benitez of Clark, Thomas & Winters, Austin, TX, for Defendants.

1. Pls.' Second Am.Pet. at 3, 6.

2. These causes of action are: violation of the Texas Deceptive Trade Practices Act; negligence;

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

SCHELL, Chief Judge.

Before this court is Plaintiffs' Motion to Remand, filed on April 19, 1995, and reurged in this court on June 12, 1995. A response by defendant Wyeth–Ayerst Laboratories Company ("Wyeth") was timely filed on May 2, 1995. Plaintiffs then filed a reply to Wyeth's response on May 8, 1995. Upon consideration of the motion, response, and attached memoranda, the court is of the opinion that the motion should be GRANTED.

## BACKGROUND

Plaintiffs originally filed this suit in Texas state court on March 8, 1995. In response, the Defendants removed this case to the United States District Court for the Eastern District of Texas on April 14, 1995, alleging that the nondiverse defendant was fraudulently joined. The Plaintiffs then filed their motion to remand this action back to state court. Before this motion could be ruled upon, the case was transferred to this court by the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings. Finally, the Plaintiffs reurged their motion to remand with this court.

## FACTS

Plaintiffs' Second Amended Petition alleges that the defendants in this case manufactured, marketed, designed, or sold silicone-coated levonorgestrel contraceptive implants ("NORPLANT"), ultimately to be implanted in the bodies of women.[1] Plaintiffs seek to hold Defendants liable for both the side effects or adverse reactions allegedly caused by NORPLANT and the alleged difficulty of removing NORPLANT once it has been implanted.

Plaintiffs' Complaint contains five causes of action on behalf of all Plaintiffs.[2] The claims are alleged against all defendants,

strict product liability; breach of implied warranty of merchantability; and breach of warranty of fitness for a particular use.

428

with no defendant specifically included or excluded from any claim.

Plaintiffs brought this suit in Texas state court because they have alleged no federal cause of action and because all Plaintiffs are Texas residents, with one defendant—Dr. James P. Griffin ("Griffin")—also alleged to be a citizen of Texas for purposes of determining whether diversity jurisdiction exists. However, Defendants removed this suit to federal court, claiming that Plaintiffs had fraudulently joined Griffin, and therefore Griffin should no longer be considered for diversity jurisdiction purposes. Plaintiffs then moved to remand back to Texas state court.

## DISCUSSION

■ Plaintiffs' argument in favor of remanding this case is that Dr. Griffin is subject to liability under Texas law because he was the apparent agent, ostensible agent, or actual agent of Wyeth in facilitating the sale of NORPLANT to the Plaintiff Lee Ann Bankard. Therefore, Plaintiffs argue, Griffin was not fraudulently joined and diversity jurisdiction cannot exist because at least one of the defendants is a citizen of Texas, the state of citizenship of the Plaintiffs.

Looking at the complaint, it is clear that diversity of citizenship does not exist between all parties named in the complaint as defendants and all plaintiffs. The Plaintiffs are all apparently alleged to be resident citizens of Texas,[3] and defendant Griffin is apparently alleged to be a Texas resident,[4] thus making him a citizen of Texas for diversity of citizenship purposes. As a result, complete diversity does not exist, and this case is not one in which federal courts would have original jurisdiction. Nevertheless, this court cannot remand this case if it finds that the nondiverse defendant was "fraudulently joined" so as to defeat removal jurisdiction. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40 (5th Cir.1992).

■ "The removing party bears the burden of demonstrating fraudulent joinder." *Carriere v. Sears, Roebuck, & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Further, fraudulent joinder must be established by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). The plaintiffs' motive in joining the defendant is immaterial, provided that the plaintiffs assert a good faith, cognizable claim against the non-diverse defendant. *Dudley v. Community Pub. Serv. Co.,* 108 F.2d 119, 123 (5th Cir. 1939) (citing *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931)); *Dollar v. General Motors Corp.,* 814 F.Supp. 538, 541 (E.D.Tex.1993). The standard for determining whether a particular joinder is fraudulent is well-established:

After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.

*Carriere,* 893 F.2d at 100. Further, the lack of precise precedent under which the nondiverse defendant could be held liable does not render joinder fraudulent. *Dudley,* 108 F.2d at 123. If Plaintiffs have any possibility of recovery against Griffin, then joinder of Griffin is not fraudulent and this court lacks jurisdiction. Here, because the Defendants fail to provide any summary-judgment-type evidence—such as affidavits or deposition transcripts—this court may look solely to the complaint to determine whether any cause of action is stated under Texas law.[5]

■ To prove medical negligence under Texas law, a plaintiff must establish four elements: (1) a legally cognizable duty; (2) a breach of that duty; (3) actual injury; and (4) a reasonably close causal connection between the breach and the alleged harm. *Flores v. Center for Spinal Evaluation and Rehabilitation,* 865 S.W.2d 261, 264 (Tex.

3. Pls.' Second Am.Pet. at 1–3.

4. *Id.* at 3; Pls.' Mot. to Remand at 1.

5. Wyeth did attach the affidavit of Leslie A. Benitez, which merely stated that a true and correct copy of the description of Norplant from the Physician's Desk Reference was attached as Exhibit A to Wyeth's Response.

App.—Amarillo 1993, no writ). In the present case, Plaintiffs' Second Amended Petition alleges that the defendants, including Griffin, "had the ... duty to warn Plaintiffs ... that [the Norplant contraceptive was] defective and unreasonably dangerous for use by Plaintiffs ... and Defendants failure to warn was a producing cause of the damages sustained by Plaintiffs." [6] In Texas, a physician has a duty to warn patients who receive drugs of potential risks. *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex. App.—Waco 1993, writ denied); *Gravis v. Parke–Davis & Co.*, 502 S.W.2d 863, 870 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Further, in their Motion to Remand, Plaintiffs make clear that they are alleging that Griffin sold, supplied, implanted, and charged for the Norplant contraceptive.[7] Based upon the Plaintiffs' allegations, this court finds that the Plaintiffs have stated a cause of action for medical negligence against Griffin under Texas law. Therefore, Griffin was not fraudulently joined in this matter.[8]

## CONCLUSION

Having found that complete diversity of citizenship does not exist in this case and that Defendant Griffin was not fraudulently joined, Plaintiffs' Motion to Remand is hereby GRANTED. As this action was improperly removed to federal court, it is ordered REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the 76th–276th District Court of Morris County, Texas.

---

6. Pls.' Second Am.Pet. at 6.

7. Pls.' Mot. to Remand at 1.

8. Because Plaintiffs have stated a cause of action for medical negligence against Griffin, this court need not determine whether Plaintiffs have any other possible grounds for recovery.