## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### Kristy HICKS, et al., Plaintiffs,

### v.

### WYETH–AYERST LABORATORIES COMPANY, et al., Defendants.

### No. 1: 95 CV 5109.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1995.

---

**313**

Dan Stroup of Erskine, McMahon & Stroup, L.L.P., Longview, TX, for Plaintiffs.

Lawrence L. Germer of Germer & Gertz, L.L.P., Beaumont, TX and Burgain G. Hayes, Michael R. Klatt, Leslie A. Benitez, and Susan E. Burnett of Clark, Thomas & Winters, Austin, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

SCHELL, Chief Judge.

Before this court is Plaintiffs' First Amended Motion to Remand, filed on August 11, 1995. A response by defendant Wyeth–Ayerst Laboratories Company ("Wyeth") was timely filed on August 22, 1995. Upon consideration of the motion, response, and attached memoranda, the court is of the opinion that the motion should be GRANTED.

## BACKGROUND

Plaintiffs originally filed this suit in Texas state court on June 26, 1995. In response, the Defendants removed this case to the United States District Court for the Eastern District of Texas on July 31, 1995, alleging that the nondiverse defendant was fraudulently joined. The Plaintiffs then filed the pending motion to remand this action back to state court.

## FACTS

Plaintiffs' Original Petition alleges that the defendants in this case manufactured, marketed, designed, or sold silicone-coated levonorgestrel contraceptive implants ("NORPLANT"), ultimately to be implanted in the

**314**

bodies of women.[1] Plaintiffs seek to hold Defendants liable for both the side effects or adverse reactions allegedly caused by NOR-PLANT and the alleged difficulty of removing NORPLANT once it has been implanted.

Plaintiffs' Complaint contains five causes of action on behalf of all Plaintiffs.[2] The claims are alleged against all defendants, with no defendant specifically included or excluded from any claim.

Plaintiffs brought this suit in Texas state court because they have alleged no federal cause of action and because all Plaintiffs are Texas residents, with two defendants—Dr. Steven Murry ("Murry") and Dr. G.B. Taylor ("Taylor")—also alleged to be citizens of Texas for purposes of determining whether diversity jurisdiction exists. However, Defendants removed this suit to federal court, claiming that Plaintiffs had fraudulently joined Murry and Taylor, and therefore Murry and Taylor should no longer be considered for diversity jurisdiction purposes. Plaintiffs then moved to remand back to Texas state court.

## DISCUSSION

Plaintiffs' argument in favor of remanding this case is that Murry and Taylor are subject to liability under Texas law because they were the apparent agents, ostensible agents, or actual agents of Wyeth in facilitating the sale of NORPLANT to Plaintiffs Kristy Hicks and Peggy Jane Jolly. Therefore, Plaintiffs argue, Murry and Taylor were not fraudulently joined and diversity jurisdiction cannot exist because two of the defendants are citizens of Texas, the state of citizenship of the Plaintiffs.

█ Looking at the complaint, it is clear that diversity of citizenship does not exist between all parties named in the complaint as defendants and all plaintiffs. The Plaintiffs are all apparently alleged to be resident citizens of Texas,[3] and defendants Murry and Taylor are apparently alleged to be Texas residents,[4] thus making them citizens of Texas for diversity of citizenship purposes. As a result, complete diversity does not exist, and this case is not one in which federal courts would have original jurisdiction. Nevertheless, this court cannot remand this case if it finds that the nondiverse defendants were "fraudulently joined" so as to defeat removal jurisdiction. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992).

█ "The removing party bears the burden of demonstrating fraudulent joinder." *Carriere v. Sears, Roebuck, & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Further, fraudulent joinder must be established by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). The plaintiffs' motive in joining the defendant is immaterial, provided that the plaintiffs assert a good faith, cognizable claim against the non-diverse defendant. *Dudley v. Community Pub. Serv. Co.*, 108 F.2d 119, 123 (5th Cir. 1939) (citing *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931)); *Dollar v. General Motors Corp.*, 814 F.Supp. 538, 541 (E.D.Tex.1993). The standard for determining whether a particular joinder is fraudulent is well-established:

> After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned.

*Carriere*, 893 F.2d at 100. Further, the lack of precise precedent under which the non-diverse defendant could be held liable does not render joinder fraudulent. *Dudley,* 108 F.2d at 123. If Plaintiffs have any possibility of recovery against Griffin, then joinder of Griffin is not fraudulent and this court lacks jurisdiction. Here, because the Defendants

---

1. Pls.' Original Pet. at 2, 5.

2. These causes of action are: violation of the Texas Deceptive Trade Practices Act; negligence; strict product liability; breach of implied warranty of merchantability; and breach of warranty of fitness for a particular use.

3. Pls.' Original Pet. at 1–2.

4. *Id.* at 2; Pls.' First Am. Mot. to Remand at 1.

fail to provide any summary-judgment-type evidence—such as affidavits or deposition transcripts—this court may look solely to the complaint to determine whether any cause of action is stated under Texas law.

 To prove medical negligence under Texas law, a plaintiff must establish four elements: (1) a legally cognizable duty; (2) a breach of that duty; (3) actual injury; and (4) a reasonably close causal connection between the breach and the alleged harm. *Flores v. Center for Spinal Evaluation and Rehabilitation*, 865 S.W.2d 261, 264 (Tex. App.—Amarillo 1993, no writ). In the present case, Plaintiffs' Original Petition alleges that the Defendants, including Murry and Taylor, "had the ... duty to warn Plaintiffs ... that [the Norplant contraceptive was] defective and unreasonably dangerous for use by Plaintiffs ... and Defendants failure to warn was a producing cause of the damages sustained by Plaintiffs." [5] In Texas, a physician has a duty to warn patients who receive drugs of potential risks. *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex.App.—Waco 1993, writ denied); *Gravis v. Parke–Davis & Co.*, 502 S.W.2d 863, 870 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Further, in their First Amended Motion to Remand, Plaintiffs make clear that they are alleging that Murry and Taylor sold, supplied, implanted, and charged for the Norplant contraceptive.[6] Based upon the Plaintiffs' allegations, this court finds that the Plaintiffs have stated a cause of action for medical negligence against Murry and Taylor under Texas law. Therefore, Murry and Taylor were not fraudulently joined in this matter.[7]

### CONCLUSION

Having found that complete diversity of citizenship does not exist in this case and that Defendants Murry and Taylor were not fraudulently joined, Plaintiffs' First Amended Motion to Remand is hereby GRANTED. As this action was improperly removed to federal court, it is ordered REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the 115th Judicial District Court of Upshur County, Texas.

---

5. Pls.' Original Pet. at 5.

6. Pls.' Mot. to Remand at 2.

7. Because Plaintiffs have stated a cause of action for medical negligence against Murry and Taylor, this court need not determine whether Plaintiffs have any other possible grounds for recovery.