**Christopher Daniel WYATT, Petitioner–Appellant**

**v.**

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

**No. 10–40219**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2010.

Christopher Daniel Wyatt, New Boston, TX, pro se.

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Christopher Daniel Wyatt, Texas prisoner # 00758734, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). Wyatt's petition challenged his 1996 murder conviction, for which he was sentenced to life in prison.

The district court's order denying Wyatt a COA stated that the order dismissing Wyatt's § 2254 petition without prejudice was not final or appealable, but we have long held that a "dismissal for failure to prosecute" under Rule 41(b) is "a final judgment disposing of the action and is appealable." *Dudley v. Cmty. Pub. Serv. Co.*, 108 F.2d 119, 121 (1939); *see also Larson v. Scott*, 157 F.3d 1030, 1031–32 (5th Cir.1998) (affirming a sua sponte dismissal without prejudice for want of prosecution under Rule 41(b)). Accordingly, the Rule 41(b) dismissal of Wyatt's § 2254 petition without prejudice is appealable, 28 U.S.C. §§ 1291, 2253(a), and a COA is required for him to proceed. § 2253(c)(1)(A).

To obtain a COA, Wyatt must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). In this case, the district court ordered Wyatt to show cause on or before February 10, 2010, why his § 2254 petition should not be dismissed as time barred. On February 17, 2010, the district court dismissed the case without prejudice for want of prosecution under Rule 41(b). Two days later, Wyatt's response to the show-cause order arrived at the district court. At the end of the response, Wyatt declared "under penalty of perjury" that he deposited the document in the prison mail system "on this 10th day of February, 2010." Wyatt did not specify that he prepaid first-class postage, but the record shows that he used two first-class stamps.

Under Rule 3(d) of the Rules Governing § 2254 Cases, Wyatt timely filed his response to the show-cause order, and the district court erred in finding that Wyatt missed the deadline and in dismissing Wyatt's case for failure to prosecute on that basis. Thus, "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In addition, because Wyatt's § 2254 petition sets forth a facially valid constitutional claim, and given that the state court records were not filed in the district court, "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir.2004). Therefore, Wyatt is entitled to a COA. *Slack*, 529 U.S. at 484, 120 S.Ct. 1595.

"[B]efore acting on its own initiative" to dismiss an apparently untimely § 2254 petition as time barred, a district court "must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Because the district court effectively denied Wyatt an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

opportunity to present his position, this case should be remanded for further proceedings.

Although we ordinarily permit full briefing after granting a COA, "the sole issue ... is indisputably resolved by the petitioner's COA application and the record, making further briefing on that issue unnecessary." *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir.1998). Accordingly, we GRANT Wyatt a COA, VACATE the judgment of the district court, and REMAND for further proceedings.