306 So.2d 657 (1974)
The HERTZ CORPORATION
v.
Austin GOZA.
No. 47808.
Supreme Court of Mississippi.
December 23, 1974.
Rehearing Denied February 10, 1975.
*658 Heidelberg, Woodliff & Franks, W. Swan Yerger, Jackson, for appellant.
Elmore D. Greaves, Robert B. Hamilton, Jackson, for appellee.
SMITH, Justice:
Austin Goza was plaintiff, and Hertz Corporation and its employee, Lavon Gressett, a mechanic, were defendants, in an action for damages for personal injuries brought in the Circuit Court of Hinds County. The trial of the case resulted in a jury verdict for Goza in the amount of $65,000 against Hertz only. The jury found for Gressett and there has been no appeal by Goza from the judgment entered pursuant to that finding.
From the judgment entered pursuant to the verdict against it, Hertz appeals.
Injuries sustained by Goza resulted from a one vehicle accident which occurred on Interstate 55 and within the municipal limits of the City of Jackson. The vehicle involved was a 1969 Ford tractor, being driven at the time by Goza, and which was hauling a trailer loaded with a large quantity of blackstrap molasses. Goza had picked up the truck from Hertz in Jackson on November 7, 1971, and had driven it to Brandon, where he obtained the trailer. He then drove to Memphis, Tennessee, where he took on the load of molasses. He had arrived back in Jackson from Memphis on November 8, 1971, at the time of the accident. According to Goza, the entire trip, of some 500 miles, had been uneventful, and there had been no indication whatever of any malfunction of the vehicle of any kind. As he drove along the highway, after entering the City of Jackson, he accelerated in an attempt to go around an automobile traveling ahead of him. At this moment, the cast iron flywheel housing, located approximately underneath the cab floor, flew apart or, as it is said, "exploded," and pieces of it came up through the floor, causing Goza to lose control and to run off the highway. The vehicle did not overturn, but Goza sustained a broken ankle and injuries to his knee.
The cause of action was grounded in alleged negligence on the part of Hertz, acting through its mechanic, Gressett, who was made a codefendant. The declaration sums up the charge of negligence in the following language:
That the failure of the defendant Lavon Gressett to properly maintain and inspect said vehicle, as set out above, acting at all times indivudaly [sic] and in his capacity as agent and servant of the defendant The Hertz Corporation was the sole proximate cause of the malfunction [sic] in the said Ford Tractor that caused the unit to malfunction and the flywheel housing to explode and the damage done to your Plaintiff as herein complained of.
There was a lengthy trial in the circuit court before a jury, the record of which fills four volumes. This record shows, however, that the evidence adduced never really came to grips with the question at issue. Taking it most favorably to plaintiff's case, at most, it was shown: (1) Gressett told two investigators, sent down by appellee's attorneys, after the accident, that he, Gressett, two days before the accident, had set the RPM's at 3500 or 3600, the manufacturer's recommended maximum having been 3200. The investigators were not together on what they said Gressett had told them, and Gressett himself denied having made any statement to them about the matter at all. But the evidence, which is undisputed and offered by appellee, was to the effect that it would have been necessary to run the truck engine for a long period of time at excessive rate of RPM's to cause any damage, and that this damage would consist of excessive wear on the engine. There was no evidence that it would cause the cast iron housing on the flywheel *659 to explode or have any effect on it. (Moreover, Goza's own testimony was that, prior to the accident, the RPM's had been set at 2100 or 2300); (2) The truck had not been inspected for 4,000 miles. Nothing was shown, however, that there was any connection between this and the explosion of the flywheel housing; and (3) Some fabric was missing from a piece of the clutch, examined after the accident by mechanics sent down by plaintiff's attorneys to investigate, which indicated, one of them said, that the clutch possibly was slipping. It was admitted, however, and is undisputed, that slipping of the clutch would have had no effect on the flywheel housing. In fact, it was shown that if the clutch "slipped" and did not "take hold," the engine would not have turned the drive-shaft or moved the truck. Goza himself said that the truck had operated normally and that there had been no indication of any malfunction, prior to the happening of the event in question.
It is apparent from the record that the witnesses who testified had no idea what had caused the cast iron flywheel housing to "explode." Nor is there any proof whatever that there was some defect of which Hertz knew or which might have been discovered by reasonable inspection. There was some testimony in the abstract about "metal fatigue," but it was not related to the flywheel housing in any way, nor was it shown that if there had been metal fatigue there would have been an outward, visible sign of it.
The trial record does indicate a general exploration by plaintiff of various matters, apparently founded upon a theory that, since the accident happened, Hertz was liable. There was no evidence, however, that any of the things about which testimony was given were capable of causing the flywheel housing to "explode," or that there was any defect discoverable by reasonable inspection that would have given forewarning of the possibility of such an explosion.
Obviously, this is not a case for the application of the doctrine of res ipsa loquitur. Nor is it a case (although appellee's counsel suggests that it ought to be), where the strict liability in tort of a manufacturer of a product is involved.
The absence of proof of the allegations of negligence charged in the declaration is manifested, perhaps, by statements contained in appellee's brief itself.
Appellee says in his brief: "There is no showing from the record as to what the RPM's on this vehicle might have been set at over a long period of time." And again, "It is the undisputed testimony that this truck did blow up and at the time the truck was not operating as it was supposed to operate, ... and that there had to be some type of malfunction or defect in the unit to cause it to explode." Appellee reiterates: "There must have been a malfunction of some type within the unit or it would not have exploded."
The jury, by its verdict for Gressett, Hertz's mechanic and codefendant, appears to have rejected the charges of negligence on his part, which were the basis of the cause of action stated in the declaration, and there has been no appeal by Goza.
Hertz has assigned as error, among others, the trial court's action in refusing to grant its request for a directed verdict.
In Federal Compress and Warehouse Company v. Swilley, 252 Miss. 103, 115, 171 So.2d 333, 337 (1965), this Court stated the rule in Mississippi as to the duties owed by a bailor to a bailee:
In accord with our own authority and the general rule, we hold that the supplier of a chattel for a use in which the supplier has a business interest owes a duty to the other to use reasonable care to see that the chattel is reasonably safe for its intended use. And the duty to use reasonable care includes the duty of reasonable inspection of the property *660 supplied. Miss. Central R. Co. v. Lott, 118 Miss. 816, 80 So. 277 (1918); Prosser, Torts § 383 (2d ed. 1955); 8 Am.Jur.2d Bailments § 51 (1963).
......
[Swilley Gin Company] had the burden of establishing by evidence the existence of an actual defect which would have been disclosed upon reasonable inspection. Brookshire v. Florida Bendix Co., 163 So.2d 881 (Fla. 1963). (252 Miss. at 118, 171 So.2d at 339).
Federal Compress and Warehouse Company v. Swilley, supra, was cited with approval by the District Court of Appeal of Florida, Third District in Brookshire v. Florida Bendix Company, 153 So.2d 55, 57 (Fla. 1963). The District Court of Appeal of Florida, Third District said:
As to the first, without proof of any actual defect which would have been discovered by reasonable inspection [assuming that one had been made], there is no breach of a duty on the part of the appellee. For the appellant to recover upon the doctrine of simple negligence, she must establish an actual defect in the machine which was, or should have been known to the appellee.
In Clarkson v. Hertz Corporation, 266 F.2d 948 (5th Cir.1959), the Fifth Circuit Court of Appeals dealt with a claim that an automobile rented to plaintiffs had defective brakes which caused an accident and injuries. The Court said:
In the case before us, it is quite apparent that there is no affirmative proof before the court which, if believed in toto, as it must be for the purpose of summary judgment, would support a finding of negligence on the part of the defendant. This is so because there is no more than an inference that the wreck was caused by a defective brake, or that if the brake was defective such defect existed when the defendant turned it over to plaintiffs rather than being a defect that resulted from improper manufacture and which caused the malfunction just at the moment of the accident, or that even if there was a defect when the car was delivered to plaintiff, it was one which would have been discoverable upon inspection. Moreover, there is no evidence from which a jury could infer that the regular 5,000-mile inspection made by defendant was less than was required under the circumstances. In the field of speculation the case somewhat resembles Smith v. General Motors Corp., 5 Cir., 227 F.2d 210, and McNamara v. American Motors Corp., 5 Cir., 247 F.2d 445.
......
As we have observed, it is impossible to infer that what caused the left rear wheel to grab and freeze was a want of care owed by defendant company or care owed by the manufacturer, or, entirely without the driver's knowledge, of some casualty of the road. This is not, then, something which the court can say would not have happened if Hertz had discharged its duty. (266 F.2d at 950-951).
The present case falls within the rule laid down by this Court in Berry v. Brunt, 252 Miss. 194, 172 So.2d 398 (1965).
As a general rule, in order to establish an allegation of negligence based upon circumstances, inferences and acts of a defendant in the nature of admissions, the proof or circumstances shown must be such that they will take the case out of the realm of conjecture and place it within the field of a legitimate inference of liability... .
......
The Court has repeatedly held that in trials under the common law, to prove a "possibility" only, or to leave the issue to surmise and conjecture, is never sufficient to sustain a verdict in a tort action. A mere scintilla of evidence of negligence is insufficient to make a jury issue. *661 The scintilla rule of evidence is not recognized in this State... . (172 So.2d at 400-402).
We are forced to conclude that there was a complete failure to establish any negligence on the part of Hertz which proximately caused or proximately contributed to the "explosion" of the flywheel housing and Goza's injury.
Under the facts in evidence in this case it was error on the part of the trial court to refuse to grant the request of Hertz for an instruction peremptorily instructing the jury to find for it. The judgment appealed from will be reversed, and judgment entered here for appellant Hertz.
Reversed and judgment here for appellant.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.