Gregory MATTHEWS, Plaintiff,

v.

NISSAN MOTOR CO., LTD., Nissan Motor Corporation in U.S.A. And James Nixon, a/k/a Junior Crawford, Defendants.

Civ. A. No. J90–0379(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

March 26, 1991.

874

Pat Barrett, Jr., Lexington, Miss., James Cothern, Jackson, Miss., for plaintiff.

Michael W. Ulmer, Jackson, Miss., for Nissan Motor Corp. & Co.

Jesse McDonald, Hudson, Potts & Bernstein, Monroe, La., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the application of plaintiff Gregory Matthews for review of an order entered by the United States Magistrate Judge December 3, 1990 denying plaintiff's motion to remand. The court, having considered the memoranda of authorities together with attachments submitted by the parties and having considered argument of counsel, concludes that the motion to remand should be denied, albeit for reasons different from those set forth in the order of the magistrate judge.

On July 3, 1984, Matthews was severely injured in an automobile accident while driving a Datsun automobile manufactured by defendants Nissan Motor Co., Ltd. and Nissan Motor Corporation in U.S.A. (Nissan).[1] According to plaintiff, the accident occurred when the vehicle's steering mechanism froze up without warning. Matthews instituted this action in the Circuit Court of Holmes County against Nissan, a nonresident of Mississippi, asserting claims of negligence, strict liability and breach of express and implied warranties. Plaintiff also asserted a claim against James Nixon a/k/a Junior Crawford, a Holmes County, Mississippi resident, charging that Nixon,

immediately prior to the date of the accident in question, held himself out to be and was a professional automobile mechanic, who performed a general safety and functional inspection of plaintiff's automobile at the request of plaintiff. Said defendant negligently failed to warn plaintiff of the reasonable likelihood that the steering mechanism in the subject automobile would lock up, thereby creat-

1. Following his filing of this suit, plaintiff attempted to serve process on defendant Nissan Motor Co., Ltd., a Japanese corporation, through service on Nissan Motor Corporation in U.S.A. After removal to this court, Nissan Motor Co., Ltd. moved to dismiss for insufficiency of process and insufficiency of service of process or, alternatively, to quash process. The motion was unopposed and an order was entered by the court on September 20, 1990 quash-

ing process. Plaintiff thereafter attempted to serve Nissan Motor Co., Ltd. in accordance of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention) 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted in,* 28 U.S.C.A., Fed.R.Civ.P. 4, app. at 138–53 (Supp.1990). To date, service has not been effected against Nissan Motor Co., Ltd. though the plaintiff's efforts to serve that defendant continue.

ing an unreasonable risk of harm to plaintiff. As a professional mechanic, this defendant knew or reasonably should have known of the defect in plaintiff's automobile.

Nissan removed the cause to this court claiming that plaintiff had fraudulently joined Nixon, a Mississippi resident, to defeat federal jurisdiction. In response to plaintiff's motion to remand, Nissan advanced three grounds for denial of the motion: (1) that the action against Nixon was time-barred; (2) that plaintiff had no cause of action against Nixon; and (3) that plaintiff had sued Nixon with no intention of securing a judgment against him. The magistrate judge denied the motion, concluding that the six-year statute of limitation applicable to plaintiff's claim against Nixon expired before plaintiff filed suit and that, therefore, plaintiff could not possibly recover against him. Because in the court's opinion, there exists ambiguity under Mississippi law concerning the time of accrual of the cause of action purported to be stated against Nixon, denial of plaintiff's motion to remand on that basis was improper. *See Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990) (citing *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 (5th Cir. 1981)) (all ambiguities in controlling state law must be resolved in favor of non-removing party). The court is of the opinion, though, that denial of remand is nevertheless proper.

In *Hertz Corporation v. Goza,* 306 So.2d 657 (Miss.1975), the plaintiff automobile driver asserted claims that the automobile mechanic had failed to properly maintain and inspect the vehicle before turning it over to her. The Mississippi Supreme Court reversed a jury verdict in favor of the plaintiff and against the mechanic, stating:

> [W]ithout proof of any actual defect which would have been discovered by reasonable inspection [assuming that one had been made], there is no breach of a duty on the part of the appellee. For the

appellant to recover upon the doctrine of simple negligence, *she must establish an actual defect in the machine which was, or should have been known to the appellee.*

306 So.2d at 660 (emphasis supplied) (quoting *Brookshire v. Florida Bendix Co.,* 153 So.2d 55, 57 (Fla.1963)). Similarly, in *Federal Compress & Warehouse Company v. Swilley,* 252 Miss. 103, 171 So.2d 333 (1965), the Mississippi Supreme Court, after finding that the defendants owed a duty of reasonable inspection to discover defects in property which they had supplied, observed as follows:

> The hoist could be dangerous and hazardous without Compress or Brent being negligent. *Compress and Brent were only liable for such defects as might have been disclosed by a reasonable inspection.*
>
> . . .
>
> Gin had the burden of establishing by evidence the existence of *an actual defect which would have been disclosed upon reasonable inspection.*

171 So.2d at 339 (emphasis supplied); *see also Cadillac Corp. v. Moore,* 320 So.2d 361 (Miss.1975) (defendant liable under theory of negligent inspection and failure to warn where proof showed that defendant knew or should have known that continued operation of the vehicle was inherently dangerous). Though there exists in the court's view some doubt as to the factual basis for the allegations, even assuming that, as plaintiff has alleged, Nixon held himself out as a professional mechanic and undertook to perform a general safety inspection of plaintiff's vehicle,[2] and that Nixon advised plaintiff that he saw nothing wrong with the car other than a worn air conditioner belt, there still exists no factual basis for recovery against Nixon. Plaintiff did not identify in his complaint the nature of any alleged defect in the automobile that is the subject of this litigation, and he failed in his deposition testimony to identify the alleged defect. In fact, plaintiff did not allege, nor could he reasonably have alleged that the defect was discover-

---

**2.** Both of the defendants vigorously contest     these alleged facts.

able upon a reasonable inspection since the nature of the alleged defect was and is concededly unknown. At a hearing held in connection with the present motion, counsel for plaintiff acknowledged that at the time the complaint was filed in July of 1990, neither plaintiff nor his attorneys were aware of the nature of any defect in the steering mechanism and to this date, they have not learned what was, or even might have been defective about the vehicle. Given the uncontroverted fact that plaintiff did not know or even suspect what about the automobile was defective at the time of filing suit, or thereafter, plaintiff could not have had any factual basis for an allegation that the defect was discoverable upon a reasonable inspection. It simply strains reason to conclude that plaintiff entertained a reasonable and honest belief that there existed a factual basis for filing this action against the resident defendant when plaintiff did not know, and has not yet discovered, what "facts" exist to support such a claim. Under Mississippi law, in the absence of proof that there was a defect which would have been disclosed upon reasonable inspection, *Swilley*, 171 So.2d at 339, proof which plaintiff admittedly does not have, there is no possibility of recovery against Nixon, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir.1981).

Plaintiff claims that a ruling by the court predicated on the absence of facts to support a finding that the defect was discoverable would amount to the court's impermissibly pretrying substantive factual issues. The plaintiff is correct that this court, in ruling on a motion to remand, must resolve "all contested issues of substantive fact in favor of the plaintiff," *B., Inc.*, 663 F.2d at 551, and refrain from "pretrying a case to determine removal jurisdiction," *Carriere*, 893 F.2d at 100. However, the court is empowered to "pierce the pleadings" to determine whether there exists a factual basis for the allegations set forth in plaintiff's pleading. *See Carriere*, 893 F.2d at 100; *see also Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964) (even where cause of action is stated, joinder is fraudulent if no cause of action in fact exists). Here, the absence of a factual basis for the claim sought to be asserted against Nixon is manifest and therefore, the motion to remand will be denied, and Nixon will be dismissed from this action.[3]

Based on the foregoing, it is ordered that the magistrate judge's order denying remand is affirmed, on different grounds, and it is further ordered that Nixon be dismissed from this cause.

---

3. The court would note in closing that it has serious doubts as to whether the plaintiff, in filing suit against Nixon, really intended to obtain a judgment against him. Plaintiff's counsel has acknowledged to the court that Nixon was sued because he was a Mississippi resident. Plaintiff desired to file and maintain his suit in Holmes County and plaintiff's counsel looked for a local defendant for that purpose. Moreover, plaintiff's counsel informed Nixon and his employer that Nixon had been sued to keep the case in Holmes County and suggested to them that a judgment against Nixon was not the reason for the suit against him. These facts, coupled with the absence, both at the time of filing suit and today, of a factual basis for imposing legal liability against Nixon, lead the court to suspect that plaintiff never really planned to secure a judgment against Nixon.