**Tommy DOLLAR, Individually and on Behalf of All Others Similarly Situated, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Stallworth Buick Pontiac GMC Truck, Inc., and Rex Brown, Jr. d/b/a Nehls Chevrolet Oldsmobile Cadillac, Defendants.**

No. 2:92cv165.

United States District Court, E.D.Texas, Marshall Division.

Jan. 13, 1993.

Sam Baxter, Rosemary T. Snider, Jones, Jones & Curry, Marshall, TX, Timothy J. Crowley, Crowley, Marks & Douglas, Houston, TX, for plaintiff.

W. Richard Davis, Ernest R. Higginbotham, Strasburger & Price, Dallas, TX, Tracy Crawford, Ramey & Flock, Tyler, TX, James L. Ware, McLeod, Alexander, Powel & Apffel, Galveston, TX, for defendants.

## ORDER

HALL, District Judge.

CAME ON TO BE HEARD THIS DAY the Plaintiffs' Motion to Remand and the Defendant General Motors Corporation's Motion for a Stay of Proceedings Pending Potential MDL Consolidation. This Court, after reviewing the Motions, finds that they are well taken in part and not well taken in part.

## I. BACKGROUND

Plaintiffs' class action suit alleges that Defendant General Motors Corporation's side-mounted fuel tanks on 1973–1987 full-size Chevrolet and GM pickups are defective in that they are located below the cab and are mounted outboard of the truck frame rails. Plaintiffs also allege fraud, misrepresentation, and concealment of material facts in representations and advertisements for the sale of Chevrolet or GMC full-size pickups, "C" or "K" series, model years 1973–1987 by Defendants General Motors Corporation ("GM"), Stallworth Buick–Pontiac–GMC Truck, Inc. ("Stallworth"), and Rex Brown, Jr. doing business as Nehls Chevrolet, Oldsmobile, Cadillac ("Nehls"). Plaintiffs also allege causes of action against all Defendants under the Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Comm. Code § 17.41 et seq., and for breach of express or implied warranties. Plaintiffs seek compensatory and punitive damages, and injunctive relief.

This case was originally filed in the 71st District Court of Harrison County, Texas, on November 17, 1992. Defendant General Motors Corporation removed this case to this Court based on diversity jurisdiction on December 10, 1992, and Plaintiffs now seek a remand asserting that this case was improperly removed because the diversity of citizenship required by 28 U.S.C. § 1332 does not exist. Plaintiffs claim that they, Defendant Stallworth, and Defendant Nehls were all citizens of the State of Texas at the time that Plaintiff's Original Petition was filed in the state court. On November 10, 1992, Defendants filed a motion before the Judicial Panel on Multidistrict Litigation (MDL), pursuant to 28 U.S.C. § 1407 seeking an order transferring this case to the United States District Court for the Eastern District of Pennsylvania for consolidation with other cases involving similar factual allegations. Defendants now seek an order staying these proceedings pending potential MDL consolidation.

## II. DISCUSSION

Section 2, Clause I of Article III of the United States Constitution gives Congress the authority to vest federal courts with diversity jurisdiction. This authority was first given to the federal courts by the Judiciary Act of 1789, and is presently provided by 28 U.S.C. § 1332 in cases where there is a controversy between citizens of different states or between a citizen of a state and an alien. Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3601. There are three questions to be answered in determining whether diversity jurisdiction exists: 1) is there complete diversity among the parties; 2) is any defendant a citizen of the forum state; and 3) does the amount in controversy equal or exceed $50,000?

### A. Complete Diversity

28 U.S.C. § 1332 requires only that there be diversity between the parties to the lawsuit. However, in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), Chief Justice Marshall interpreted the Con-

stitution's requirement of diversity to require "complete" diversity, i.e., that every plaintiff be diverse from every defendant. In this case, Defendants claim that there is complete diversity since the citizenship of Defendant Stallworth and Defendant Rex Brown, Jr., both Texas GM dealerships, should be disregarded for purposes of determining diversity because they were fraudulently joined.

Where it is claimed that a plaintiff has joined a non-diverse defendant to defeat diversity, the Court may disregard that fraudulently joined defendant when determining diversity. The current standard in the Fifth Circuit for determining when a defendant has been fraudulently joined was set forth in *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981):

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Id.* at 549 (emphasis in original); *see also Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) ("The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court") (emphasis added). As there has been no allegation by the Defendants of fraud in the Plaintiffs' pleadings of jurisdictional facts, the Court looks only to see if the Defendants have proved that there

is "absolutely no possibility" that the Plaintiffs may recover in state court on their claims against local GM dealers Stallworth and Nehls.[1]

At the outset, the Court notes that the burden of proving fraudulent joinder is a heavy one. *Green*, 707 F.2d at 205. In evaluating fraudulent joinder claims, the Court must initially resolve all disputed questions of fact and all ambiguities in the state law in favor of the nonremoving party. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The motive of the Plaintiffs in joining the defendants is immaterial, provided that the Plaintiffs assert a good faith, cognizable cause of action against the resident defendants, upon a reasonable basis grounded in state law. *Higgins v. Pittsburg–Des Moines Co.*, 635 F.Supp. 1182, 1184 (S.D.Tex.1986); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 pp. 343–347; *McAllister v. Chesapeake & O. Ry. Co.*, 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735 (1917); *Chilton Private Bank v. Norsec–Cook, Inc.*, 99 B.R. 402 (D.C.Ill.1989) ("fraudulent joinder" is a misnomer—the motive of the plaintiff is immaterial—the issue is whether there is a reasonable basis for imposing liability). Nor is it sufficient for a defendant to merely label the joinder as "fraudulent." *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914); *B., Inc.*, 663 F.2d at 549. A claim of fraudulent joinder must be "pleaded with particularity," supported by "clear and convincing" evidence, and proven with "certainty." *Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir.1962)[2]; Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723.

1. In contrast to the "no possibility" test, Defendants argue that in *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir.1962), the Court stated that fraudulent joinder exists where plaintiffs have "no real intention" of seeking relief from the nondiverse defendants. However, *Parks* went on to say that:

> "there can be no fraudulent joinder unless it be clear that there can be *no recovery* under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a

joint judgment, and that there was no colorable ground for so claiming.

*Id.* at 478 (emphasis added). In view of the above language, the Court considers the test of *B., Inc.* and its progeny consonant with *Parks*, and, in any case, a more recent statement of the applicable law by the Fifth Circuit.

2. Defendant GM argues that a key factor in determining whether plaintiffs have fraudulently joined a defendant in a class action is whether plaintiffs intend to seek classwide relief from that defendant, citing the case of *Giermak v. Shearson Lehman Bros. Holdings, Inc.*, No. 91 C 5444, 1991 WL 259014 (N.D.Ill. Dec. 2, 1991). As this

■ With the above in mind, the Court must, therefore, examine the substantive law to ascertain whether there is "absolutely no possibility" of recovery against the resident defendants. Texas courts have long recognized that it is not only manufacturers, but also wholesale and retail dealers and distributors who may be liable for damages caused by defective products. 14 W. Dorsaneo, *Texas Litigation Guide* § 320.02[2][b]: *see also* Baldwin, Hare & McGovern, *The Preparation of a Product Liability Case* § 3.9 (2d ed. 1993). In addition, a car dealer can be held liable under the DTPA and for common law fraud for misrepresentations made in the sale of a vehicle. *See, e.g., Town East Ford Sales, Inc. v. Gray,* 730 S.W.2d 796 (Tex. App.—Dallas 1987, no writ). Purchasers of a vehicle can sue both the dealership and the vehicle's manufacturer for misrepresentations made regarding the vehicle's characteristics or qualities which the vehicle does not possess. *Milt Ferguson Motor Co. v. Zeretzke,* 827 S.W.2d 349, 355 (Tex.App.—San Antonio 1991, no writ).

■ Defendants argue that there are no "specific allegations" or "substantial factual allegations" that Defendants Stallworth or Nehls participated in the design or advertising of the 1973–1987 pickups. However, factual allegations that the local dealers participated in GM's designs or advertisements are not required to support the Plaintiffs' allegations regarding the dealers' misrepresentations and omissions of material fact as to the quality of the vehicle when the Plaintiffs, especially Tommy Dollar, purchased their vehicles at the dealerships. However, factual allegations that there was a purchase from the dealers is required. While Plaintiffs do allege that Plaintiff Tommy Dollar purchased a vehicle from Defendant Nehls, there are no allegations that any of the other named

Plaintiffs purchased a vehicle from Defendant Stallworth. In addition, Defendant Stallworth alleges, and Plaintiffs have not disputed, that Stallworth sells only GMC model trucks, that none of the named plaintiffs purchased a 1973–1987 GMC model truck, and that Stallworth did not even begin selling GMC model trucks until July 19, 1988, which is well after the end of the 1987 model year that defines plaintiffs' class. Therefore, while the factual allegations in the Plaintiffs' pleadings supporting the allegations of misrepresentations and omissions against Defendant Nehls are sufficient to provide the factual support that was lacking in *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 101 (5th Cir.1990) and *Matthews v. Nissan Motor Co., Ltd.,* 763 F.Supp. 873, 876 (S.D.Miss. 1991), they are not sufficient as to Defendant Stallworth.[3] Accordingly, the Court finds that there is no possibility that the Plaintiffs may recover on their claims against Defendant Stallworth, and this Defendant will be dismissed from this action.

Defendants next dispute that they actually engaged in the design or advertising at issue, but this is not relevant because, as stated previously, the Court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *See, e.g., Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983).

■ Finally, Defendants claim that Stallworth and Nehls are not "parties in interest," but merely "nominal" or "formal" defendants whose presence cannot destroy diversity jurisdiction. *Pesch v. First City Bank of Dallas,* 637 F.Supp. 1530, 1536–1537 (N.D.Tex.1986); *see also Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U.S. 182, 189–190, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924). The test for whether or not a defendant is a nominal party is whether his role in

is an unreported case from another jurisdiction which cites no authority for this "key factor," the Court does not consider the case persuasive.

3. In *Matthews,* the Plaintiff alleged that a defect in his car's steering mechanism was discoverable upon a reasonable inspection by the resident defendant car mechanic, as required by Mississippi law. However, at the hearing on his motion to remand, Plaintiff conceded that at the time suit was filed neither he nor his attorneys

knew what the defect was, or had any facts or proof to support their theory that a defect existed. 763 F.Supp. at 875–876. The district court was understandably mystified at how Plaintiff could allege that a defect was discoverable upon a reasonable inspection when the Plaintiff admittedly did not know what the defect was. This total absence of facts to support the Plaintiff's claim was the basis for the district court's denial of the motion to remand.

the lawsuit is that of depositary or stakeholder.[4] *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir.1970). Whether a named defendant is a nominal party depends on the facts of each case, as disclosed by the pleadings when the removal petition was filed. *Id.; Salem Trust Co.,* 264 U.S. at 189, 44 S.Ct. at 267. In this case, the Court cannot characterize Defendants Nehls as existing in this litigation only to fulfill an obligation to pay a deposited sum of money to the Plaintiffs once the correct distribution is determined in this suit. Accordingly, the Court concludes that Defendants Nehls is a real party in interest in this litigation, and not merely a nominal party whose presence does not destroy diversity.

### B. Defendant a Citizen of Forum State

█ Even if there is complete diversity, the "no local defendant rule" of 28 U.S.C. § 1441(b) requires that if any defendant is a citizen of the state in which the action is filed, the case may not be removed to federal court. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir.1988). In this case, Defendants Nehls is a Texas citizen and is not fraudulently joined, therefore this suit may not be removed to a federal court in Texas.

### C. Amount in Controversy

█ 28 U.S.C. § 1332(a), as amended in 1988, requires that the amount in controversy equal or exceed $50,000. Upon a plaintiff's motion to remand, the defendant has the burden of proving this jurisdictional amount. *Ezon v. Cornwall Equities, Ltd.,* 540 F.Supp. 885, 889 (S.D.Tex.1982). To justify remand, it must appear to the Court a legal certainty that the claim is really for less than the jurisdictional amount. *Id.; see also St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289–290, 58 S.Ct. 586, 590–591, 82 L.Ed. 845 (1938); *see generally*

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3702.

█ In this case, Plaintiffs assert and stipulate that all of their individual damages, including punitive damages, do not exceed $40,000 per Plaintiff and per class member. Defendants argue that the punitive damages claims of the class should be aggregated and that this aggregated amount satisfies the jurisdictional amount. The U.S. Supreme Court has adopted the following rule for the aggregation of claims:

> When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.

*Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40–41, 32 S.Ct. 9, 9, 56 L.Ed. 81 (1911); *see also Lailhengue v. Mobil Oil Corp.,* 775 F.Supp. 908, 911 (E.D.La.1991). This rule was specifically applied to class actions in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) and *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Under *Zahn,* each class member in an action based on diversity must satisfy the jurisdictional amount requirement of $50,000 independently. The fact that Plaintiffs have prayed for an injunction does not affect the amount in controversy. *Snow v. Ford Motor Co.,* 561 F.Supp. 787, 790–791 (9th Cir.1977). Nor can the jurisdictional amount requirement be met by determining the total monetary impact on a defendant automobile manufacturer. *Id.* That the defendant has no interest in how the claim is distributed among the class members is a factor in determining whether the class has a common and undivided interest. *Berman v. Narragansett Racing Assoc.,* 414 F.2d 311, 316 (1st Cir.1969), *cert. denied,*

---

4. In *Salem Trust Co.,* the party's obligation was only to pay over an amount deposited with it once it ascertained which of competing parties was entitled to the disputed sum. *Id.* 264 U.S. at 190, 44 S.Ct. at 267. The *Salem* principle is rooted in the theory that when a defendant's connection with the instant litigation is limited to the performance of an obligation, often one required by law, the defendant's citizenship may be safely disregarded because the defendant has no rights to be contravened by a removal. *See, e.g., Kearney v. Dollar,* 111 F.Supp. 738 (D.Del.1953).

396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970). The Sixth Circuit has held that "[a]n identifying characteristic of a common and undivided interest is that *if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased."* *Sellers v. O'Connell,* 701 F.2d 575, 579 (6th Cir.1983) (emphasis added).

In this case, the Court finds that while each class member's claim is separate and distinct, based as they are on the separate transactions or occurrences involving their particular vehicles, that there is a question as to whether punitive damages may be aggregated for purposes of meeting the jurisdictional amount in controversy requirement.

In *Lailhengue v. Mobil Oil Corp.,* the court found the law in this area to be unclear, and allowed aggregation based on its analysis that the single event or act of conduct by the defendant (in that case a refinery explosion) created the plaintiffs' right to punitive damages, therefore the plaintiffs had a common and undivided interest in their claim for the creation of a fund sufficient to deter any alleged misconduct. *See also Martin v. Granite City Steel Corp.,* 596 F.Supp. 293 (S.D.Ill.1984); *In re Northern District of California "Dalkon Shield" IUD Products Liability Litigation,* 526 F.Supp. 887 (N.D.Cal.1981), *vacated on other grounds,* 693 F.2d 847 (9th Cir.1982). The *Lailhengue* court emphasized that "[t]he plaintiffs' recovery of punitive damages does not depend on an evaluation of each plaintiff's circumstances. Upon proof that the defendant acted with wanton or reckless disregard for public safety,[5] there will be a punitive damage fund from which all class members who recover compensatory damages will share." *Id.* at 914.

However, since as has already been determined, there is no diversity in this case, it is unnecessary for the Court to determine whether under the facts of this case, the Plaintiffs have a common and undivided interest in their claims for punitive damages, such that their punitive damage claims should be aggregated.[6]

### D. Costs and Sanctions for Improper Removal

■ Additionally, Plaintiffs ask the Court to order Defendant General Motors Corporation to pay to Plaintiffs and their counsel all costs and expenses, including a reasonable attorneys' fee, for preparing and presenting their Motion to Remand, as provided in 28 U.S.C. § 1447(c). In support thereof, Plaintiffs assert that there was not a plausible basis for the Defendant's claim that this Court had jurisdiction, and that the Defendant's Notice of Removal was intended merely to delay and drive up the cost of Plaintiffs' litigation.

Where a defendant does not file removal papers in good faith a federal court retains the power to sanction the defendant under Fed.R.Civ.P. 11 for improper removal, even after remanding the lawsuit to state court for lack of subject matter jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1172 (5th Cir. 1988), *cert. granted on this issue; see* 141 Federal Civil Practice § 3733. If the Court finds a violation under Rule 11, the court *must* impose a sanction. Reasonable and appropriate expenses, including attorneys fees, may be awarded to the extent that the expenses were reasonably caused by a violation of Rule 11. *Id.; see* Comment Note, "General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure," 95 A.L.R. Fed. 107.

In this case, the Court finds that the non-removability of this case is not so obvious as to warrant an award of costs. Nor was the removal petition frivolous, groundless, or tak-

---

5. Louisiana Civil Code article 2315.3 provides that exemplary damages may be awarded if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

6. Defendants also argue that the public notice that GM pickups contain a latent defect sought as injunctive relief by Plaintiffs satisfies the jurisdic-

tional test of $50,000 on its own. However, where the equitable relief sought is only a means through which the individual claims may be satisfied, the ban on aggregation applies with equal force to the equitable as well as the monetary relief. *Snow v. Ford Motor Co.,* 561 F.2d 787, 790 (9th Cir.1977) (citing *Barton Chem Corp. v. Avis Rent A Car Sys., Inc.,* 402 F.Supp. 1195 (N.D.Ill.1975).

en in bad faith so as to justify a recovery of attorneys' fees. *See* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3739, pp. 586–587.

E. Defendant's Motion to Stay

Finally, Defendants have filed a motion to stay this action pending transfer to multidistrict litigation. As this case will be remanded due to lack of complete diversity required by 28 U.S.C. § 1441 and *Strawbridge,* the Defendant's motion has become moot.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Stallworth Buick–Pontiac–GMC Truck, Inc. is hereby DISMISSED from this action.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is hereby in all things GRANTED, and that this action be and hereby is remanded to the 71st Judicial District Court of Harrison County, Texas for further proceedings according to the laws and procedures of the State of Texas.

IT IS FURTHER ORDERED that Defendant General Motors Corporation's Motion for Stay of Proceedings Pending Potential MDL Consolidation is hereby DENIED.