## The TRANSITIONAL LEARNING COMMUNITY AT GALVESTON, INC.

v.

## METROPOLITAN LIFE INSURANCE COMPANY.

### Civ. A. No. G–95–017.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 9, 1995.

Tara Beth Annweiler, John A. Buckley, Jr., Greer Herz & Adams, Galveston, TX, for plaintiff.

James Lane Ware, McLeod Alexander Powel & Apffel, P.C., Galveston, TX, for defendant.

### ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

KENT, District Judge.

This is a medical insurance benefit claim in which Plaintiff The Transitional Learning Community at Galveston, Inc. ("TLC") filed suit against Metropolitan Life Insurance Company ("Met Life") in the 122nd District Court of Galveston County, Texas. Defendant later removed the action to this Court on the same day the state court entered a default judgment on the liquidated damage claims of Plaintiff's Petition. Before the Court now is Defendant's Motion to Set Aside the state court's default judgment. Finding that Defendant's Motion is absurd and insulting to this Court, the Motion is emphatically **DENIED**.

Met Life was properly and personally served with the state court action on December 12, 1994, through its agent for service. The Officer's return was filed in the state court on December 28, 1994. Under the Texas Rules of Civil Procedure, Met Life had until January 3, 1994 to file an answer or otherwise appear. *Solis v. Garcia,* 702 S.W.2d 668 (Tex.App.—Houston [14th Dist.] 1985, no writ). However, Met Life failed to make an appearance or to answer. Pursuant to Texas Rules of Civil Procedure, the return

of service must be on file with the District Clerk at least ten days, excluding the day of filing and the day of judgment. Thus, on January 9, 1995, TLC had its first opportunity to obtain a default judgment, and TLC filed and presented its Motion for Default Judgment in the state court action. The Default Judgment was signed and entered by the Honorable Judge Frank Carmona.

Based on these facts, this Court finds that Defendant's Motion to Set Aside the Default Judgment is either an astonishing exercise in legal ignorance or a bald, bad-faith attempt to manipulate the jurisdiction of the Court. It is so elementary as to hardly require stating that removal is effective *only* when the state court receives actual or constructive knowledge of the removal and all adverse parties have been notified. *Medrano v. State of Texas*, 580 F.2d 803 (5th Cir.1978); *Stephens v. Portal Boat Co.*, 781 F.2d 481 (5th Cir.1986); 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3737. It is not the general rule that removal is effective when the Petition for Removal is filed. As the leading commentators remark, "it seems unfair to a state court to hold that it can be stripped of jurisdiction even though it has not received notice of the removal." 14A Wright, Miller & Cooper § 3737 at 550.

In this case, it is obvious that the state court did not have notice of the removal, for if it did, it would hardly have entered the severe penalty of a default judgment. Defendant, who seems to be entirely ignorant of the fact that there are federal rules and caselaw surrounding this issue, presents no legal or factual argument to suggest that the state court had any actual or constructive notice of the removal. The Court finds it very telling in this regard that Defendant's Motion does not even make a pro forma effort to explain why or how this "mistake" occurred. Instead, Defendant's argument is apparently that he made an "honest mistake."

Such an assertion not only taxes the credulity of the Court in this case, it is utterly irrelevant. Counsel seems to labor under the delusion that whether removal is effective or not is somehow a function of whether or not he acted in a fog of legal ignorance and mistake—and was *merely* negligent in his efforts—or acted with actual bad faith in some pathetic attempt to manipulate jurisdiction. Counsel's Motion points to the former alternative with a lack of awareness that almost borders on pride in his legal bungling of this case. The Court hardly needs to remind counsel that mistake, negligence, and an utter lack of knowledge is not a "defense" or ground for excuse in this matter. Had counsel bothered to consult the elementary rules regulating removal, he would have discovered that his subjective intent is not relevant. What *does* matter is the state court's awareness of removal.

The Court is inclined to agree with counsel that his mishandling of this matter is not a "result of any conscience [sic] indifference or inexcusable neglect," but is rather a function of a staggering ignorance that is displayed (in addition to an apparent inability to spell) in his apparent incomprehension that he must present some form of evidence to this Court indicating that the state court had notice of the removal. This conclusion is evidenced by the fact that, although it may be possible for a competent attorney to lack notice of a default judgment that has been signed but perhaps not docketed yet, only a truly incompetent attorney would argue to a federal court that the default judgment should be set aside—and yet fail to even bother to investigate the applicable law surrounding that very issue. It is this almost total incomprehension of elementary rules that disturbs the Court and suggests to it that counsel in this case has not acted out of any calculated strategy requiring at least a modicum of foresight, but has instead misunderstood every aspect of the matter before him, from the need to respond to the state court action, to the procedure for removal, to the law governing federal court jurisdiction.

For this reason, the Court finds that Defendant's Motion to Set Aside the Default Judgment is **DENIED**. Each party is to bear his or its own taxable costs. It is further **ORDERED** that the parties file no further pleadings in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the

United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**