**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-60003
Summary Calendar

REGAN & REGAN L. P. GAS CO., INC.,

Plaintiff-Appellant,

VERSUS

LEVEL PROPANE GASES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:97-CV-265-PG)

August 31, 1999

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Regan & Regan L. P. Gas Co., Inc. ("Regan & Regan") appeals the summary judgment entered for defendant, Level Propane Gases, Inc. ("Level") in this negligence action. We affirm.

Regan & Regan brought suit in Mississippi state court against Level alleging that an employee of Level failed to close a propane loading valve at Regan & Regan's facility, which leaked and caused a fire. Level removed the case to federal court on the basis of diversity.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court excluded the testimony of Regan's designated expert witness, finding that his experience and methodology failed to qualify him as an expert and that his testimony was "speculative and unsupported by necessary facts," citing Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[2] The district court then granted summary judgment for Level, finding that Regan & Regan's negligence theory was too tenuous to be submitted to a jury.

The following facts are undisputed. The fire at Regan & Regan's facility was caused by not more than seventeen gallons of propane leaking from a partially open valve at the end of a hose. Level's employee had unloaded propane through that valve thirty hours before the fire broke out. Witnesses at the fire observed an 8 to 10 foot tall flame coming from the end of the hose attached to the valve.

Level's expert conducted tests and concluded that a valve left open 30 hours earlier could not have produced an 8 to 10 foot tall flame, given the stipulation that only 17 gallons of propane were involved in the fire. Rather, the fire would have had to begun within an hour or two after the valve was left open. Further, engineering principles concerning dissipation rate, patterns and

[2]In the Summary of Argument portion of Regan & Regan's brief, they state, "Charles Quick's testimony should not have been excluded." However, because this argument was not briefed, it has been abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)(holding that appellant abandoned argument by failing to argue it in body of brief.)

combustibility of propane confirmed the impossibility of a thirty hour delay between the beginning of the leak and the fire. Finally, Regan & Regan could not dispute the possibility that a vandal or one of their own employees might have opened the valve.

Regan & Regan argues that the grant of summary judgment should be reversed because they have a right to cross-examine Level's expert before a trier of fact concerning whether or not the tests he conducted adequately reproduced the conditions at the time of the fire. The district court found that, without the testimony of an expert, Regan & Regan has not presented sufficient evidence to support a jury verdict by a preponderance of the evidence. We agree. Mississippi law is clear that proving "possibility" or leaving the issue to surmise and conjecture, is not sufficient to sustain a verdict in a tort action. *See Hertz Corp. v. Goza*, 306 So. 2d 657, 660 (Miss. 1974). Regan & Regan has failed to present sufficient evidence to create a fact issue on the allegation that Level's negligence caused the fire. "A mere scintilla of evidence of negligence is insufficient to make a jury issue." *Id.*

For the foregoing reasons, we affirm district court's grant of summary judgment for Level.

AFFIRMED.