SPILL TEXTILE CORPORATION, and Complete Environmental Products, Inc., Plaintiffs,

v.

SPILLTECH ENVIRONMENTAL, INC., New Pig Corporation, Bruce Edward Secrest, and William Bryan Georgie, Defendants.

No. 1:02–CV–433.

United States District Court, E.D. Texas, Beaumont Division.

Aug. 22, 2002.

Robert Allen Kouts, Scheinthal & Kouts, Houston, TX, for plaintiffs.

Paul W. Gertz, Lawrence Louis Germer, Germer & Gertz, Beaumont, TX, for defendants, Soukktech and New Pig.

David J. Fisher, Orgain Bell & Tucker, Silsbee, TX, for William Bryan Georgie.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is plaintiffs' Motion to Remand (doc. # 7), and having reviewed the pleadings on file, this court is of the opinion that plaintiffs' motion should be GRANTED.

## Factual and Procedural Background

Plaintiffs Spill Textile Corporation ("STC") and Complete Environmental Products, Inc. ("CEP"), filed suit in the District Court of Jefferson County, Texas, on June, 7, 2002, against defendants Spilltech Environmental, Inc. ("Spilltech"), and New Pig Corporation ("New Pig"). The plaintiffs' claims against Spilltech and New Pig originate from a series of agreements and dealings between the entities, and include alleged business torts and breach of contract. STC is a Texas corporation with its principal office in Port Arthur, Texas. CEP is also a Texas corporation with its principal office in Houston, Texas. Defendant Spilltech is a Delaware corporation and has a principal place of business in Mobile, Alabama. Defendant New Pig is a Pennsylvania corporation that has a principal place of business in Tipton, Pennsylvania. The citizenship of these parties and the contention that the value of the claim exceeds the jurisdictional amount has not been disputed by either side. Therefore, diversity jurisdiction would exist if these were the only parties in the suit. The issue in the Motion to Remand is the subsequent state court joinder of defendants William Bryan Georgie ("Georgie") and Bruce Edward Secrest ("Secrest").

Plaintiffs filed their First Amended Petition on June 24, 2002, at 10:17 a.m., which joined defendants Georgie and Secrest. The petition alleges that Georgie and Secrest engaged in misappropriation of trade secret, tortious interference with contract, and specifically with respect to Georgie, negligent misrepresentation. On the same day, June 24, defendants filed a Notice of Removal based on diversity jurisdiction with the federal district court at 4:12 p.m., and filed notice with the state court at 4:34 p.m. Defendants referred to plaintiffs' Original Petition in their notice of removal, and did not include the First Amended

Petition. Georgie resides in Jefferson County, Texas, and Secrest resides in Harris County, Texas. Plaintiffs' Motion to Remand alleges that Georgie and Secrest are properly joined, making removal improper and thereby requiring this action to be remanded to state court.

## Motion to Remand

Defendants removed under 28 U.S.C. § 1332, which gives a district court diversity jurisdiction over any case if (1) the parties are diverse and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). In general, a defendant may remove an action from state court if the federal court has subject matter jurisdiction over the action. *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002); *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); 28 U.S.C. § 1441(a). However, the removing party has the burden of showing that federal jurisdiction exists and that removal was proper. *DeAguilar,* 47 F.3d at 1408. Ambiguities and doubts should be construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno,* 276 F.3d at 723; *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

Plaintiffs make three arguments in their Motion for Remand. First, plaintiffs allege removal was improper because the First Amended Petition was not included in the defendants' removal. Plaintiffs claim this was a violation of Local Rule CV–81 and 28 U.S.C. § 1446; the latter specifically requires the removing defendant to include a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Second, plaintiffs allege that defendants Georgie and Secrest are properly joined. If so, plaintiffs argue removal was in violation of 28 U.S.C.

§ 1441(b), which prohibits removal if any defendant is a citizen of the state in which the action is brought. Third, plaintiffs argue complete diversity does not exist and this case should therefore be remanded for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). The defendants argue Georgie and Secrest were fraudulently joined, meaning their citizenship should be disregarded during a subject matter jurisdiction analysis. This court finds that Georgie and Secrest were not fraudulently joined, and agrees with the plaintiffs' third argument that complete diversity is lacking.

## Timing of the State Court Amendment

■ The entry of the First Amended Petition by the state court was proper. The amended petition was filed with the state court before the defendants filed a Notice of Removal with the state court or the district court. The relevant reference for determining whether the state court had jurisdiction to enter the amended petition is when the state court received actual or constructive notice of the removal. *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 547 (5th Cir.1985); *Hampton v. Union Pacific R. Co.,* 81 F.Supp.2d 703, 706–07 (E.D.Tex.1999); *Transitional Learning Community at Galveston, Inc. v. Metropolitan Life Ins. Co.,* 895 F.Supp. 153, 154 (S.D.Tex.1995). In this case, the amended petition was filed at 10:17 a.m., before the Notice of Removal was filed with the state court at 4:34 p.m. Accordingly, the state court had jurisdiction to enter the First Amended Petition.

Although the state court had jurisdiction to enter the First Amended Petition, the plaintiffs' first argument for remand is not persuasive. Plaintiffs' contend that the defendants improperly removed by failing to include the First Amended Petition in the Notice of Removal. Because this court finds that complete diversity does

not exist, this issue is not controlling. However, when referring to the papers to be included with the Notice of Removal, 28 U.S.C. § 1446(a) uses the language "served upon such defendant." In this case, it is doubtful that notice of the First Amended Petition was served upon the defendants before the Notice of Removal was filed. Additionally, if failure to include such recently filed papers amounted to improper removal, it would render meaningless 28 U.S.C. § 1447, which outlines procedure after removal. *See Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 933 (5th Cir.1958). While the state court had jurisdiction to enter the First Amended Petition, the failure of the defendants to include it with a Notice of Removal, if the amended petition had not been served upon them, would not render the removal improper in this case.

■ The plaintiffs' second argument, that removal was prohibited by 28 U.S.C. § 1441(b), is also unpersuasive. Again this issue is not controlling in the Motion for Remand because complete diversity is lacking. However, the basic argument is that § 1441(b) prevents removal if any of the defendants are citizens of the state in which the action was filed. The reason § 1441(b) does not prevent removal in this case, is that Georgie and Secrest did not receive service at the state court level before the filing of the Notice of Removal. 28 U.S.C. § 1441(b) explicitly states an action like this is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Therefore, the prohibition against removal when a defendant is from the state in which an action is brought, is only applicable if the those defendants have been properly joined and served. While Georgie and Secrest were properly joined, they were yet to be properly served when the action was removed. However, "although the citizenship of unserved defendants

should not be considered under 28 U.S.C. § 1441(b), the citizenship of those unserved defendants must be considered under 28 U.S.C. § 1441(a) in determining whether complete diversity exists, providing the federal court with the jurisdictional basis for removal." *In re Norplant Contraceptive Products Liability Lit.*, 889 F.Supp. 271, 275 (E.D.Tex.1995). The fact Georgie and Secrest may not have been served prevents this court from remanding based on § 1441(b), however whether Georgie and Secrest were served before the Notice of Removal was filed is irrelevant for purposes of complete diversity. Because the citizenship of Georgie and Secrest is not disputed, and the state court had jurisdiction to join them, the defendants must show that Georgie and Secrest were fraudulently joined.

### Fraudulent Joinder Analysis

■ The removing defendants bear a "heavy burden of proving that the non-diverse defendants have been fraudulently joined." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995). The defendants must show there has either been outright fraud in the plaintiffs' recitation of jurisdictional facts, or there is absolutely no possibility the plaintiffs will be able to establish a cause of action against the non-diverse defendants in state court. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). To determine whether joinder of the parties was fraudulent, a district court must evaluate all of the factual allegations in the light most favorable to the plaintiff. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993). If the defendants were improperly joined, their citizenship will be disregarded for purposes of determining diversity jurisdiction. *Id.* at 817.

In this case, the defendants primarily base their argument for finding fraudulent joinder on the alleged blatant strategic maneuvering in which the plaintiffs engaged. Defendants argue that because this case was originally filed in the Southern District of Texas, non-suited, filed in Jefferson County, and then amended to include the non-diverse defendants, this court should find fraud in the pleading of jurisdictional facts. However, the motive behind joining defendants is immaterial, provided the plaintiffs "assert a good faith, cognizable cause of action against the resident defendants, upon a reasonable basis grounded in state law." *Dollar v. General Motors Corp.*, 814 F.Supp. 538, 541 (E.D.Tex.1993); *citing Higgins v. Pittsburgh–Des Moines Co.*, 635 F.Supp. 1182, 1184 (S.D.Tex.1986); *In re Norplant*, 889 F.Supp. at 276. Rather, fraud in the recitation of jurisdictional facts refers to whether Georgie and Secrest are actually Texas citizens. As the defendants have not disputed the purported citizenship of Georgie or Secrest, this court finds the plaintiffs' pleadings of jurisdictional facts are not fraudulent. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

Absent fraud in the pleadings, defendants must show there is absolutely no possibility the plaintiffs will be able to recover in state court. *Green*, 707 F.2d at 205. The Court need not decide whether the plaintiff will actually or probably prevail on the merits, rather it looks only for any possibility that he may do so. *Dodson v. Spiliada*, 951 F.2d 40, 42 (5th Cir.1992), *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). If an arguably reasonable basis exists for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. *Jernigan*, 989 F.2d at 816.

Defendants have not met the heavy burden of showing there is absolutely no possibility the plaintiffs will be able to prevail in state court against Georgie and Secrest. The defendants argue Pennsylvania law applies and prevents the plaintiffs from bootstrapping a contract claim into tort or fraud claims. The defendants additionally argue that by failing to bring a misappropriation of trade secrets claim until almost ten months after the alleged misconduct, plaintiffs show there is no such tort claim. Without deciding whether Pennsylvania law applies to any claims arising from the contracts, this court finds it is cognizable that a state court could find liability based upon the misappropriation of trade secrets claim.

"To establish misappropriation of a trade secret, a plaintiff must show that (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff." *Gaia Technologies Inc. v. Recycled Products Corp.*, 175 F.3d 365, 376 (5th Cir.1999). In the instant case, plaintiffs allege the existence of what could be a trade secret. Second, plaintiffs claim Secrest gained access to the information through confidential contract negotiations and Georgie gained access to it through actual employment with the plaintiffs, and that both subsequently breached those relationships. Finally, the plaintiffs maintain that the information was, and currently is, being used without permission from plaintiffs. Without conducting a full evidentiary hearing, and taking the allegations in the light most favorable to the plaintiffs, this court finds it is possible the plaintiffs may be able to establish all three prongs of a misappropriation of trade secrets claim. Accordingly, this court finds that Georgie and Secrest were not fraudulently joined, thereby destroying complete diversity and compelling this court to re-

mand this case to state court for lack of subject matter jurisdiction.

### Conclusion

For the above reasons, this court is of the opinion federal subject matter jurisdiction does not exist. Therefore, pursuant to 28 U.S.C. § 1447(c), this case must be REMANDED to state court. Accordingly, it is so

ORDERED, that Plaintiffs' Motion to Remand is GRANTED, therefore it is

ORDERED, that this case be REMANDED to the state court from whence it came at the removing Defendants' cost.